## Ruhe, Appellant, *v.* Kroger Company.

214

Argued March 17, 1967.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Thomas A. Livingston,* for appellants.

*Bruce R. Martin,* for appellee.

OPINION BY MR. JUSTICE COHEN, April 18, 1967:
Plaintiffs brought this trespass action against de-
fendant Kroger to recover for water damage to their
bowling lanes which occupied the basement of a build-
ing directly beneath that portion of the premises occu-
pied by Kroger.   Kroger joined as additional defend-
ants and filed complaints against its lessor, the general

contractor who constructed the building and the contractor who installed the plumbing.

Subsequently, plaintiffs executed a joint tortfeasor release in favor of the lessor and the general contractor, both of whom filed an answer and new matter setting forth the execution of the release. Kroger then filed preliminary objections to the answer and new matter, claiming that release of the parties primarily liable to plaintiffs constituted a release of Kroger, who claimed to be secondarily liable. The record does not reveal whether or not the court disposed of those preliminary objections, but it does disclose the following notation: "June 6, 1966, on motion of defendant, The Kroger Company, on the record, created in Chambers, a compulsory nonsuit is entered and exception granted to Plaintiffs."

We know of no proceeding which permits the court to enter a compulsory nonsuit without testimony having been taken in court. In fact, the Act of March 11, 1875, P. L. 6, 12 P.S. §645, grants the court the power to enter judgment of nonsuit if in the court's opinion "the plaintiff shall have given *no such evidence as in law is sufficient to maintain the action.*" (Emphasis supplied.) This Act, together with all of the cases decided thereunder setting forth the weight that a court must give to the adduced testimony and evidence, clearly indicates that a nonsuit is not to be entered prior to the taking of testimony. The law is clear that a compulsory nonsuit may not be entered at the commencement of the trial on the ground that a plaintiff's proposed evidence is insufficient to sustain his cause of action. *Mazer v. Kann,* 343 Pa. 376, 22 A. 2d 707 (1941); 6 Standard Pennsylvania Practice 362. Accordingly, the lower court erred in entering a compulsory nonsuit.

We will vacate the order of the court en banc refusing to remove the nonsuit and remand with the ad-

monishment that Pennsylvania Rules of Civil Procedure 1034 and 1035 set forth appropriate procedures for raising prior to trial the impact of the joint tortfeasor release. Since under Rules 1030 and 1045(b), a release is an affirmative defense to be pleaded as new matter, a plaintiff must reply thereto or be deemed to have admitted the averments therein. In the instant matter, plaintiffs have not yet filed a reply to defendant's new matter, but have proceeded by preliminary objection. They should now be allowed to reply so that the pleadings may be closed and the proceeding contemplated by Rule 1034 or Rule 1035 initiated.

The practicing bar should now be sufficiently alerted to recognize that our recent civil procedural rules provide for broad "new matter" pleading in order to permit a defendant to compel a plaintiff to answer, during the pleading stage of the action, the defendant's assertions of affirmative defenses which might be conclusive of the action and avoid an unnecessary trial. If the plaintiff answers inadequately, a motion for judgment on the pleadings (Pa. R. C. P. 1034) has been appropriate. But this motion did no good if the plaintiff's reply, even though inaccurate, was sufficiently pleaded.

The new provision for summary judgment (Pa. R. C. P. 1035) is designed to remedy the sufficiently pleaded but factually improper answer. If the defendant can show, by affidavits, depositions, discovery or other supplementary procedures that the plaintiff's reply is a sham, that there is no issue on which the plaintiff has a right to trial, and that the affirmative defenses pleaded are conclusive, the defendant may move for summary judgment and thereby terminate the litigation.

Order vacated with instructions to proceed in accordance with this opinion.