**Patterson v. The Fortune National Life Insurance Co.**

*Wray G. Zelt, 3rd,* for plaintiff.

*Stephen I. Richman,* for defendant.

GLADDEN, J., January 6, 1972.—This matter comes to us on preliminary objections filed by plaintiff to defendant's amended new matter. These objections take the form of a motion to strike. Plaintiff is faced with 44 paragraphs which will require answer if his preliminary objections are not sustained.

The appropriate rule governing new matter is found in Pennsylvania Rule of Civil Procedure 1030. It reads as follows:

"All affirmative defenses, including *but not limited to* the defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, immunity from suit, impossibility of performance, laches, license, payment, release, res judicata and waiver, and, unless previously raised by demurrer and sustained, the defenses of statute of frauds and statute of limitations, *shall* be pleaded in a responsive pleading under the heading 'New Matter'. A party may set forth as new matter *any other material facts* which are not merely denials of the averments of the preceding pleading." (Italics supplied.)

Plaintiff generally takes the position that what defendant has set forth in its new matter are not affirmative defenses. He concedes that under the amendments to the Pa. R. C. P. 1030 defendant may, in addition to affirmative defenses, set forth "any other material facts." He claims that these other material facts are not relevant.

On the other hand, defendant argues that the new matter does, indeed, set forth the affirmative defenses available to defendant and other averments of material facts as permitted by Pa. R. C. P. 1030.

We are reluctant to grant a motion to strike unless the issues are clearly defined. We do not regard the issues in this case as being so. We recognize that what has been pleaded are, in some instances, affirmative defenses: i.e. rescission, affirmance. The other allegations give some appearance of being "material" to us at this stage of the litigation, although we concede that after plaintiff has filed his answer to the new matter they may not be. At any rate we will have the opportunity to pass on these at trial.

Defendant has cited authority which we believe gives us a basis for our decision.

In the case of Ruhe v. Kroger Co., 425 Pa. 213, 216 (1967), the Supreme Court said:

"The practicing bar should now be sufficiently alerted to recognize that our recent civil procedural rules provide for broad 'new matter' pleading in order to permit a defendant to compel a plaintiff to answer, during the pleading stage of the action, the defendant's assertions of affirmative defenses which might be conclusive of the action and avoid an unnecessary trial."

We believe that defendant's new matter comes within the provisions of that concept of "broad 'new matter' pleading."

In addition, we can see no prejudice to plaintiff in requiring answer to this new matter. If for no other reason, it will assist him in becoming completely familiar with his cause.

Accordingly, we enter the following:

### ORDER

And now, January 6, 1972, the preliminary objections filed by plaintiff to defendant's amended new matter are overruled. Due to the fact that counsel for plaintiff is actively engaged by court appointment in another matter which makes demands on much of his time, plaintiff shall be given 60 days in which to file an answer.