664 A.2d 1387

**Lea May RAY and Chester Ray, Appellants,**

**v.**

**ARMSTRONG DEVELOPERS, t/d/b/a
The Shops at Station Square.**

Superior Court of Pennsylvania.

Argued June 13, 1995.

Filed Sept. 27, 1995.

212

Paul J. McArdle, Pittsburgh, for appellants.

Louis C. Long, Pittsburgh, for appellee.

Before CIRILLO, FORD ELLIOTT and HESTER, JJ.

FORD ELLIOTT, Judge.

Appellants come before us challenging an order entered below purporting to grant a nonsuit in favor of appellee. Said

order was entered in response to appellee's motion for summary judgment. Regardless of whether we characterize the resolution below as non-suit or summary judgment, our review reveals error compelling us to vacate the order below and remand for trial.

The underlying action below was one for personal injuries which resulted when appellant Lea May Ray inadvertently walked headfirst into a clear glass wall on appellee's premises. Appellant Lea May Ray allegedly suffered a fractured skull as well as other injuries resulting from the impact. Nevertheless, we will not review or comment upon the merits of appellants' case or the validity of nonsuit or summary judgment as they pertain to the merits. Rather, the error we perceive below is procedural in nature. Therefore, we must set out the procedural milieu of the appeal before us instead of the factual background.

The case below commenced November 30, 1992, with the filing of a complaint. Thereafter, discovery proceeded throughout the remainder of 1992 and 1993 and included, among other matters, interrogatories, requests for admissions, and various depositions. We note in particular that the deposition of one Robert B. Telfer, M.D., was taken December 13, 1993. Dr. Telfer was appellants' medical expert on causation.

Trial on this matter was not scheduled for almost one year following the taking of the Telfer deposition and almost two years following the initial filing of the complaint. On the morning that trial was set to begin, November 3, 1994, appellee served appellants with a motion *in limine* to exclude the deposition testimony of Dr. Telfer on the basis that his opinion testimony was not rendered with a reasonable degree of medical certainty. Anticipating a favorable ruling from the trial court, appellee had also prepared a motion for summary judgment predicated on appellant's inability to prove legal causation as to the medical injuries. Appellants were also served with the motion for summary judgment on the morning of trial.

After a jury had been selected, the motion *in limine* was presented to the court, which entertained a discussion on the matter and then held a lunch recess during which time the court read the deposition of Dr. Telfer. After recess the court granted appellee's motion *in limine* and then entertained appellee's motion for summary judgment. There was some discussion as to the form of the motion. Appellants argued that a motion for summary judgment was untimely. Appellants also argued that a motion for compulsory nonsuit or directed verdict would also be premature because counsel had not rested their case. Appellee, on the other hand, merely categorized its motion as "judgment as a matter of law." (Notes of testimony, 11/3/94 at 28.) The court was unsure what to call the motion, but did specifically state that it was not a motion for summary judgment. (Notes of testimony, 11/3/94 at 29.) The court's order characterized the judgment rendered as one "as a matter of law in nature of a non-suit."

Appellants immediately took an appeal to this court without first moving to remove the nonsuit or without filing any other post-trial motion. Appellee moved to quash the appeal because appellants failed to first move to remove the nonsuit before the trial court as is ordinarily required before an appeal may be taken. *See Crawford v. Commonwealth,* 125 Pa.Cmwlth. 85, 556 A.2d 547 (1989). Appellants' brief in response to the motion to quash argued that the judgment below must be deemed one of summary judgment and that an order granting same is directly appealable. *See Sterling v. Fineman,* 428 Pa.Super. 233, 630 A.2d 1224 (1993), *appeal denied,* 538 Pa. 674, 649 A.2d 675 (1994). Appellants also argued that the matter was controlled by *Gallagher v. Harleysville Mutual Insurance Company,* 421 Pa.Super. 192, 617 A.2d 790 (1992), *appeal denied sub nom. Harleysville Mutual Insurance Company v. Gallagher,* 535 Pa. 620, 629 A.2d 1381 (1993). In *Gallagher,* we held that where a trial court purports to enter a nonsuit prior to trial, the action would be deemed either a summary judgment or a judgment on the pleadings and that the failure to file post-trial motions would

not waive appellant's claims. Based on the above, this court denied the motion.

■ We turn now to our resolution of what we perceive as procedural error below. It appears certain, both from case and statutory law, that a trial court cannot enter nonsuit prior to plaintiff's presentation of his or her case (at least on liability). Statutorily, the matter is controlled by Pa.R.Civ.P. 230.1, 42 Pa.C.S.A. which reads:

### RULE 230.1 COMPULSORY NONSUIT AT TRIAL

In a case involving only one defendant, at the close of plaintiff's case on liability and before any evidence on behalf of the defendant has been introduced, the court, on the oral motion of a party, may enter a nonsuit if the plaintiff has failed to establish a right to relief. If the motion is not granted, the trial shall proceed. If the motion is granted, the plaintiff may file a written motion for the removal of the nonsuit.

Rule 230.1 clearly states that the court may enter a nonsuit at the *close* of plaintiff's case on liability.

This interpretation is borne out by *Gallagher, supra,* which states that nonsuit is entered under Rule 230.1 only after a plaintiff's evidence has been presented to the jury. An older precedent handed down by our supreme court also supports this position. In *Ruhe v. Kroger Company,* 425 Pa. 213, 228 A.2d 750 (1967), the court stated, "We know of no proceeding which permits the court to enter a compulsory nonsuit without testimony having been taken in court." *Id.* at 215, 228 A.2d at 751. While the holding in *Ruhe* was predicated upon the predecessor of Rule 230.1, 12 P.S. § 645, the Explanatory Comment to Rule 230.1 states that Rule 230.1 is adapted from 12 P.S. § 645 and for the most part continues prior practice. The Explanatory Comment further states, "The motion for nonsuit may not be made prior to the conclusion of plaintiff's evidence as to liability." It seems manifest that the action of the trial court cannot be characterized as a nonsuit. What the court effectively did was to grant either appellee's motion for

summary judgment or a judgment on the pleadings. In either event, there was error.

Our resolution of this appeal is compelled by two recent cases.[1] In *Cagnoli v. Bonnell,* 531 Pa. 199, 611 A.2d 1194 (1992), the appellant was confronted with a motion *in limine* regarding her expert witness and a motion for admission and/or judgment on the pleadings on the morning trial was set to begin. After arguments on the motions, the trial court granted both motions and directed that judgment be entered in favor of the appellee. An empaneled jury was then dismissed. Writing to reverse, Justice Zappala first emphasized the language of Pa.R.Civ.P. 1034, 42 Pa.C.S.A., which governs judgments on the pleadings: "a. *After the pleadings are closed, but within such time as not to delay trial,* any party may move for judgment on the pleadings." *Id.* at 202, 611 A.2d at 1196 (emphasis in original). Justice Zappala went on to state,

> Clearly, the drafters of Rule 1034 did not envision that a Motion for Judgment on the Pleadings would be submitted, let alone considered, on the very morning that trial is to begin and a jury has been empaneled. The party opposing the motion must have a full and fair opportunity to argue against the motion. The opposing party here, the appellant, was not afforded this opportunity.

*Id.* at 203, 611 A.2d at 1196. The court also noted that the last minute motion for judgment on the pleadings failed to comport to local rules of court. We note in passing that the procedure followed by appellee also fails to comport to Allegheny County Local Rule 249 *(3).

More recently, the holding in *Cagnoli* has been extended to similarly apply to summary judgments. In *Moscatiello Construction Company v. City of Pittsburgh,* 155 Pa.Cmwlth. 361, 625 A.2d 155 (1993), the Commonwealth Court noted that the language of Pa.R.Civ.P. 1035, 42 Pa.C.S.A., which governs summary judgments, is virtually identical to that of Rule 1034;

---

1. Although appellants recite neither of these cases, they clearly raise the argument presented therein, that it was improper to grant summary judgment at the last minute.

Rule 1035 also begins, "a. *After the pleadings are closed, but within such time as not to delay trial,* any party may move for summary judgment ..." (emphasis added). In holding that the appellant in *Moscatiello* was denied procedural due process, Commonwealth Court stated:

Further, unlike a party opposing a motion for judgment on the pleadings, a party opposing a motion for summary judgment has the right to file and the trial court should consider opposing affidavits as well as pleadings, answers to interrogatories, depositions and admissions. In the instant case as in many others, summary judgment issues are far more complex than those arising on a motion for judgment on the pleadings. Therefore, we find that a party opposing a motion for summary judgment must be granted at least the same reasonable response time granted to a party opposing a motion for judgment on the pleadings.

With respect to notice and an opportunity to be heard, we find that Moscatiello was in a nearly identical position to the plaintiff in *Cagnoli.* In each case, the court considered a motion on the same day as filed, shortly before trial was to commence.

*Moscatiello* at 367, 625 A.2d at 158.

Instantly, the same fact situation has occurred as did in *Moscatiello.* Appellants were confronted with an unexpected, eleventh-hour motion for summary judgment and were given almost no opportunity to prepare a response. Where the same facts occur, so also must the same result obtain.

Accordingly, the order dated November 3, 1994, granting summary judgment, is hereby reversed, and this matter is remanded for trial. Jurisdiction relinquished.