692 A.2d 1055

**Peggy LEWIS and Wilson Lewis, Appellants,**

**v.**

**UNITED HOSPITALS, INC. d/b/a/ Lawndale Community Hospital and Steven Munzer, M.D., Appellees.**

Supreme Court of Pennsylvania.

Argued Oct. 15, 1996.

Decided April 21, 1997.

Carol A. Black, Philadelphia, for Peggy Lewis.

Mary Ellen Reilly, Philadelphia, for Steven Munzer, M.D.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION OF THE COURT

CASTILLE, Justice.

The sole issue on appeal is whether the Superior Court erred in quashing appellants' appeal from the trial court's grant of appellee's motion for nonsuit prior to trial based on appellants' failure to file a post-verdict motion to remove the nonsuit. Because we find that the grant of nonsuit was improper, where, as here, no evidence was presented by appellants at trial as to liability, and because we find that appellants' failure to file a motion to remove the nonsuit was not fatal to their appeal, we reverse the order of the Superior Court quashing appellants' appeal and remand the matter for further proceedings consistent with this opinion.

The relevant facts in this appeal are that on December 25, 1989, appellant, Peggy Lewis, was involved in a motor vehicle accident. On December 26, 1989, Mrs. Lewis went to the Lawndale Community Hospital's emergency room where she was examined by Dr. Edward Whalen. Dr. Whalen requested

x-rays of Mrs. Lewis' spine, shoulder and right clavicle. Thereafter, appellee, Dr. Steven Munzer, examined the x-rays and determined that there was no dislocation or fracture evident. Thus, Mrs. Lewis was released from Lawndale Community Hospital.

Mrs. Lewis, however, continued to suffer pain and after a few weeks went to Germantown Hospital and Medical Center in order to seek treatment for her continuing pain. There, Mrs. Lewis was diagnosed as having a dislocated right sterno-clavicular joint.

On November 6, 1991, Mrs. Lewis and her husband sued both Dr. Munzer and Lawndale Community Hospital for medical malpractice based on the misinterpretation of her x-rays and for loss of consortium. The parties then proceeded to arbitration. On December 12, 1994, the arbitrators entered an award in favor of Dr. Munzer and Lawndale Community Hospital.

Appellants timely appealed the arbitration award to the Court of Common Pleas, Philadelphia County. On May 15, 1995, appellants withdrew their claim against Lawndale Community Hospital.[1] On that same date appellee, Dr. Munzer, filed a motion *in limine* seeking to preclude appellants' expert medical witness from testifying at trial on the basis that appellants' medical expert failed to state with the required degree of medical certainty that appellee's actions caused Mrs. Lewis' injuries. Appellants countered by making an oral motion to supplement the record with a revised expert report which would have stated the required degree of medical certainty. This request was based on appellants' assertion that their medical expert was unable to initially formulate an appropriate opinion to the required degree of medical certainty since he was not timely given all relevant evidence by appellee. The trial court conducted hearings on these motions and on May 16, 1995, the trial court granted appellee's motion *in limine* and denied appellants' motion to supplement the record.

1. Lawndale Community Hospital is not a party to this appeal.

After having his motion *in limine* granted, appellee then filed a motion for compulsory nonsuit. The trial court granted the motion for nonsuit even though appellants had not presented any evidence at trial as to liability. Appellants did not file a post-verdict motion to remove the nonsuit with the trial court. Instead, on June 2, 1995, appellants filed a direct appeal to the Superior Court. Appellee filed a motion to quash the appeal alleging that appellants waived their right to appeal because of their failure to file a post-verdict motion to remove the nonsuit. *See* Pa.R.Civ.P. 227.1(c) (motion to remove nonsuit must be filed within ten days after notice of nonsuit). On August 22, 1995, the Superior Court, in a *per curiam* order, granted appellee's motion to quash the appeal.

This Court granted *allocatur* in order to decide whether the Superior Court erred in quashing appellants' appeal for failing to file a timely post-verdict motion to remove the nonsuit. Appellants argue that the trial court erred by granting appellee's motion for nonsuit before they presented their liability evidence at trial. Appellee contends that appellants waived their right to appeal the grant of the nonsuit because appellants failed to file post-verdict motions with the trial court within 10 days of the trial court's grant of the nonsuit.

Rule 230.1 of the Pennsylvania Rules of Civil Procedure provides that:

> In a case involving only one defendant, at the close of plaintiff's case on liability and before any evidence on behalf of the defendant has been introduced, the court, on the oral motion of a party, may enter a nonsuit if the plaintiff has failed to establish a right to relief. If the motion is not granted, the trial court shall proceed. If the motion is granted, the plaintiff may file a written motion for the removal of the nonsuit.

Clearly, Rule 230.1 provides that the trial court may enter a nonsuit at the close of plaintiff's case on liability. Also, the Explanatory Comment to this rule, while not binding on this Court, instructs that: "[T]he motion for nonsuit may not be

made prior to the conclusion of plaintiff's evidence as to liability."

This Court has never addressed whether a trial court can enter nonsuit pursuant to Rule 230.1 prior to the presentation of plaintiff's liability evidence at trial. The Superior Court, however, addressed this issue with a similar factual scenario in *Gallagher v. Harleysville Mutual Insurance Company*, 421 Pa.Super. 192, 202, 617 A.2d 790, 796 (1992), *appeal denied*, 535 Pa. 620, 629 A.2d 1381 (1993). In *Gallagher*, the trial court, *sua sponte*, entered nonsuit against plaintiffs' breach of contract claim before the trial began and before the plaintiffs presented any evidence as to liability. On appeal, the plaintiffs alleged that nonsuit should not have been entered pursuant to Rule 230.1 because a nonsuit may only be granted after the plaintiffs presented their evidence at trial as to liability. The Superior Court agreed and held that a trial court's grant of nonsuit prior to trial could not be characterized as granting nonsuit under Rule 230.1, since such a motion may *only* be granted after a plaintiff's liability evidence has been presented to the jury. The Superior Court found instead that the trial court's action should have been characterized as either a grant of summary judgment or a judgment on the pleadings. Thus, the Superior Court held that post-trial motions to remove the nonsuit were not required under Rule 227.1 since the proceedings did not constitute a trial. *Gallagher*, 421 Pa.Super. at 202, 617 A.2d at 796; *Accord, Ray v. Armstrong Developers*, 445 Pa.Super. 211, 664 A.2d 1387 (1995).[2]

2. In *Ray*, the defendant presented a motion *in limine* on the morning of trial to preclude plaintiff's expert from testifying because plaintiff's expert opinion was not rendered with the required degree of medical certainty. The trial court agreed and the defendant moved for summary judgment. The trial court granted the defendant's motion, but because of confusion over what to term the order, entered judgment in favor of defendant as one "as a matter of law in the nature of a nonsuit." On appeal to the Superior Court, the defendant moved to quash the appeal because plaintiff failed to first file a post-trial motion seeking to remove the nonsuit. The Superior Court, following the reasoning of *Gallagher*, declined to quash the appeal.

The Superior Court's interpretation of Rule 230.1 is supported by older precedent handed down by this Court in *Ruhe v. Kroger Co.*, 425 Pa. 213, 228 A.2d 750 (1967). In *Ruhe*, this Court stated that:

> [W]e know of no proceeding which permits the court to enter a compulsory nonsuit without testimony having been taken in court. In fact, the Act of March 11, 1875, P.L. 6, 12 P.S. § 645, grants the court the power to enter judgment of nonsuit if in the court's opinion 'the plaintiff shall have given No such evidence as in law is sufficient to maintain the action.' (emphasis supplied). This Act, together with all of the cases decided thereunder setting forth the weight that a court must give to the adduced testimony and evidence, clearly indicates that a nonsuit is not to be entered prior to the taking of testimony. The law is clear that a compulsory nonsuit may not be entered at the commencement of trial on the ground that a plaintiff's proposed evidence is insufficient to sustain his cause of action.

*Ruhe*, 425 Pa. at 215, 228 A.2d at 751. While the holding in *Ruhe* was predicated on 12 P.S. § 645,[3] the Explanatory Comment to Rule 230.1 states that new Rule 230.1 is adapted from 12 P.S. § 645 and for the most part, continues the prior practice of that statutory section. Therefore, based on the above, we hold today that *Gallagher* is a correct statement of the law and that nonsuit may not be entered by the trial court pursuant to Rule 230.1 prior to the commencement of trial before plaintiff's presentation of evidence as to liability.

Here, as in *Gallagher*, the trial court entered nonsuit prior to providing appellants with the opportunity to present any evidence as to appellee's liability for appellants' pain and suffering. Thus, the trial court erred in granting the nonsuit. Instead, the trial court should have treated appellee's motion as being one for either summary judgment or for judgment on

---

**3.** Section 645, in pertinent part, provided that: "[W]henever the defendant, upon the trial of a cause in any court of common pleas of this Commonwealth shall offer no evidence, it shall be lawful for the judge presiding at the trial court to order a judgment of nonsuit to be entered, if, in his opinion, the plaintiff shall have given no evidence as in law is sufficient to maintain the action."

the pleadings. Therefore, the Superior Court erred in quashing appellants' appeal since appellants' failure to file a motion to remove the nonsuit was not fatal to their appeal and appellants filed a timely notice of appeal after the trial court entered its order.[4] Accordingly, the order of the Superior Court is reversed and the matter is remanded to the Superior Court for consideration on the merits of appellants' appeal.[5]

4. Rule 903(a) of the Rules of Appellate Procedure requires a party to file a notice of appeal within thirty (30) days of the entry of the order from which the appeal is taken. Here, the trial court entered its order on May 16, 1995. Appellants filed a notice of appeal with the Superior Court on June 2, 1995. Thus, appellants' appeal was timely.

5. Appellants' brief also raises the following three issues: (1) whether a motion for summary judgment or judgment on the pleadings may be granted on the morning of trial; (2) whether the trial court erred in not allowing appellants to file a supplemental expert report; and (3) whether an expert witness should have been allowed to testify regarding his supplemental expert report. These issues, however, were not raised in appellants' petition for allowance of appeal filed with this Court, and, therefore, it would be improper for this Court to address these issues. *See,* Pa.R.A.P. 1115(3) (only those questions set forth in the petition or fairly comprised therein, will ordinarily be considered by the court in the event an appeal is allowed).