924 A.2d 1202

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Maurice BARNES, Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 4, 2006.

Decided June 25, 2007.

---

Amy Phillips, Esq., Eugene M. Talerico, Esq., Andrew J. Jarbola, Esq., Jennifer Lyn McCambridge, Esq., Lackawanna

County District Attorney's Office, Scranton, for Commonwealth of Pennsylvania.

George E. Gretz, Esq., Thomas J. Nolan, Esq., Scranton, for Maurice Barnes.

BEFORE: CAPPY, C.J., and CASTILLE, SAYLOR, EAKIN, BAER, BALDWIN, JJ.

## OPINION

PER CURIAM.

Appeal was allowed in this case to address the Commonwealth's initial challenge to the Superior Court's decision to vacate the most serious of three distinct conspiracy convictions (*i.e.*, conspiracy to commit third-degree murder) based upon the statutory directive that, "[i]f a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are the object of the same agreement or continuous conspiratorial relationship," 18 Pa.C.S. § 903(c). *See Commonwealth v. Barnes*, 871 A.2d 812, 821 (Pa.Super.2005). In particular, in its petition for allowance of appeal, the Commonwealth controverted the Superior Court's reasoning that the object of the least serious conspiracy conviction (conspiracy to deliver a controlled substance) must control, as it was an overarching one. Significantly, throughout its petition for allowance of appeal, the Commonwealth conceded that the circumstances involved reflected a single conspiracy, albeit with multiple objectives. *See, e.g.,* Petition for Allowance of Appeal at 9 ("The evidence clearly illustrates the violent intentions of this group and demonstrates aptly that *this single conspiracy involved,* among its objectives, the intention to utilize gun violence, and death was a natural and probable consequence of this intention." (emphasis added)).

In its briefing to this Court, however, the Commonwealth does not develop the above issue and therefore, has abandoned it. *See, e.g., Commonwealth v. LaCava,* 542 Pa. 160, 666 A.2d 221, 228 n. 9 (1995). Rather, the Commonwealth argues at length that the evidence adduced at trial was sufficient to support the existence of three separate and distinct conspiracies, and its prayer for relief seeks reinstatement of all of

those convictions. Since, however, this issue was not raised in the petition for allowance of appeal and, indeed, is contradicted by that submission, it is not properly before this Court. *See* Pa.R.A.P. 1115(a)(3); *Lewis v. United Hosps., Inc.*, 547 Pa. 626, 692 A.2d 1055, 1058 n. 5 (1997).

As no dispositive argument is presented by the Commonwealth that is available for this Court's present consideration,[1] we will affirm the order of the Superior Court. We emphasize, however, that our decision should not be read as an approval of the Superior Court's approach of selecting an overarching conspiratorial object to define the extant conspiracy conviction in the circumstances presented, since this approach appears to be in tension with the Legislature's directive that a conspiracy with multiple objects is to be of the same grade and degree as the *most* serious offense which is an object. *See* 18 Pa.C.S. § 905.

The order of the Superior Court is affirmed.

Justice NEWMAN did not participate in the consideration or decision of this matter.

---

1. The Commonwealth also asks that this Court consider the viability of a charge of conspiracy to commit third-degree murder in light of the rationale applied in *Commonwealth v. Clinger*, 833 A.2d 792 (Pa.Super.2003). We decline this invitation, however, since such resolution of the issue could not alter the outcome of the appeal, in light of the Commonwealth's failure to preserve a viable challenge to the Superior Court's decision to vacate the conviction for conspiracy to commit third-degree murder on other grounds.