J-A01019-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| XIAOWU LI, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| BEULAH PRESBYTERIAN CHURCH, | : | |
| | : | |
| Appellee | : | No. 726 WDA 2014 |

Appeal from the Order February 10, 2014,
Court of Common Pleas, Allegheny County,
Civil Division at No. GD 10-20553

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE and ALLEN, JJ.

MEMORANDUM BY DONOHUE, J.:                   **FILED MARCH 10, 2015**

Appellant, Xiaowu Li ("Li"), appeals pro se from the order entered on February 10, 2014 by the Court of Common Pleas of Allegheny County, denying Li's motion to remove the compulsory nonsuit entered by the trial court.  After careful review, we affirm in part and vacate in part.

This case stems from an accident that occurred on February 13, 2009 at a roller skating event that resulted in Li sustaining fractures to her leg and ankle.  On January 14, 2011, Li filed a complaint alleging multiple counts of negligence on the part of defendants Bellefield Church ("Bellefield"), Pittsburgh Regional International Student Ministries ("PRISM"), and Beulah Presbyterian Church ("Beulah").  In her amended complaint, Li alleged the following.  On the date in question, representatives from defendants Bellefield and PRISM invited Li to a roller skating event held at Beulah's

church gymnasium. Amended Complaint, 3/11/11, ¶ 5. Li averred that when she arrived at the event, she informed one of the event's organizers that it was her first time roller skating and that she would need assistance because she was unable to skate without help. *Id.* ¶ 7. Li claimed that after she put on her roller skates, her volunteer assistant, Jeremy Gelpi ("Gelpi"), helped her onto the skating floor and then "suddenly and without warning, withdrew his aid and assistance and abandoned [her]." *Id.* ¶ 8. Li alleged that because Gelpi withdrew his aid and assistance, she fell to the floor and sustained serious injuries. *Id.* ¶ 9.

On March 25, 2011, Bellefield filed preliminary objections, which the trial court sustained on May 24, 2011, thereby dismissing Bellefield from the case. On September 12, 2011, PRISM filed a motion for judgment on the pleadings. On December 5, 2011, Li consented to discontinuing her case against PRISM. On December 28, 2011, Beulah filed a motion for partial judgment on the pleadings. On April 9, 2012, the trial court granted Beulah's motion for partial judgment of the pleadings, striking eight of the fourteen allegations of negligence from Li's amended complaint.

Following the April 9, 2012 order granting partial judgment on the pleadings, Li's remaining theories of liability are summarized as follows. First, Li asserted that Beulah's gymnasium did not conform to the safety standards of the roller skating industry and was therefore not a suitable venue for a roller skating event. *See id.* ¶ 25(h)-(l). Second, Li argues that

Beulah failed to ensure that she received appropriate instruction on how to skate and that Beulah did not provide her with an assistant with sufficient training to help her. **See id.** ¶ 25(g). Third, Li contends that Beulah is liable for her injuries under sections 323 and 324 of the Restatement (Second) of Torts because she did not know how to skate and Gelpi, who had taken charge of her, withdrew his assistance and caused her to fall. **See id.** ¶ 25(m); **see also** N.T., 11/27/13, at 9-12.

On November 21, 2013, Beulah filed a motion in limine that, inter alia, sought to prevent Li from introducing evidence relating to her own lay opinion regarding certain roller skating industry standards.[1] Specifically, Beulah sought to preclude Li from testifying about the roller skating industry's standards for proper rink design and about the roller skating industry's standards for instructing or assisting new skaters. On November 27, 2013, prior to beginning the trial that day, the trial court granted Beulah's motion in limine. Based upon the trial court's exclusion of evidence, Beulah orally moved for summary judgment on Li's remaining claims. Counsel for Beulah added that "[t]his motion might also be captioned, since we are at the time of trial, a motion for compulsory

---

[1] This motion also sought to preclude Li from introducing certain medical records and medical bills. **See** Motion In Limine, 11/21/13, ¶¶ 22-29. Because Li has at no point challenged the trial court's decision to preclude this evidence, we do not address it in this Memorandum.

nonsuit." N.T., 11/27/13, at 45. On December 2, 2013, the trial court entered a compulsory nonsuit.

On December 6, 2013, Li filed a motion to remove the compulsory nonsuit, which the trial court denied on February 10, 2014. On March 4, 2014, Li filed a timely notice of appeal. On March 11, 2014, the trial court ordered Li to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On March 25, 2014, Li filed a timely Rule 1925(b) statement.

We summarize the issues Li seeks to raise on appeal as follows[2]: (1) whether the trial court violated the coordinate jurisdiction rule by allowing the compulsory nonsuit; (2) whether the trial court erred in granting Beulah's motion in limine, which precluded her from providing her own lay opinion testimony regarding the roller skating industry's standards for proper rink design and the roller skating industry's standards for instructing or assisting new skaters; (3) whether the trial court erred in granting a

---

[2] The argument section of Li's appellate brief violates Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure. Rule 2119(a) provides that the argument section of an appellate brief "shall be divided into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a). The Statement of the Questions Involved section of Li's appellate brief raises four issues for our review and determination. Li's Brief at 8. However, Li divides the argument section of her appellate brief into six parts, resulting in several sections with overlapping arguments. *See id.* Accordingly, Li's brief is difficult to comprehend. Therefore, we have summarized and reordered the issues Li seeks to raise on appeal. *See Cresswell v. End*, 831 A.2d 673, 675 n.1 (Pa. Super. 2003) (overlooking briefing errors because the gravamen of the appellants' arguments could be discerned from other portions of their brief).

compulsory nonsuit pursuant to Rule 230.1 of the Pennsylvania Rules of Civil Procedure prior to the presentation of Li's case. **See** Li's Brief at 12-23.

For her first issue on appeal, Li argues that the trial court violated the coordinate jurisdiction rule by allowing the compulsory nonsuit. Li cites no authority whatsoever in this section of her appellate brief and does not provide any explanation or argument for how the trial court violated the coordinate jurisdiction rule. **See** Li's Brief at 14-15. "Although this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant." **Wilkins v. Marsico**, 903 A.2d 1281, 1284-85 (Pa. Super. 2006). "The argument portion of a brief must include pertinent discussion of the point raised as well as citations to relevant authority." **Iron Age Corp. v. Dvorak**, 880 A.2d 657, 665 (Pa. Super. 2005); Pa.R.A.P. 2119(a)-(b). Moreover, "[f]ailure to develop an argument results in waiver of the claim." **Plastipak Packaging, Inc. v. DePasquale**, 937 A.2d 1106, 1112 (Pa. Super. 2007). Accordingly, we find that Li has waived this issue.

Next, Li argues that the trial court erred in granting Beulah's motion in limine, which precluded her from providing her own lay opinion testimony relating to the roller skating industry's standards for proper rink design and to the roller skating industry's standards for instructing or assisting new skaters. **See** Li's Brief at 15-21. This barred Li from recovering under her improper rink design and improper instruction and assistance theories of

liability. **See id.** The trial court explained its decision to grant Beulah's motion in limine as follows:

> Because Li proposed to demonstrate a failure of the physical aspects of the Beulah gymnasium to conform to standards within the indoor roller skating rink industry, her case would require a competent articulation of contemporary design and maintenance standards to the jury. Li had no witness competent to provide such testimony. Further, to the extent that Li's case asserted that this defendant's conduct, as opposed to physical characteristics of the rink, failed to adhere to safe practices within that same industry, testimony from a witness competent to describe current standards and accepted practices within the industry was necessary so that a jury might attempt an informed comparison of the conduct of Beulah against prevailing practices. Li proposed no witness other than herself to establish that Beulah failed to conform to accepted practices applicable to indoor roller skating.

Trial Court Opinion, 6/30/14, at 4-5.

Li does not develop any argument that the trial court erred in granting Beulah's motion in limine. **See** Li's Brief at 15-21. Other than the heading of this section of her appellate brief, Li makes no reference to the trial court's determination that she needed to provide expert testimony to prevail on her improper rink design and improper instruction and assistance theories of liability and that she herself was not competent to testify as an expert. **See id.** Instead, Li uses this section of her appellate brief to argue the merits of her claims that Beulah's gymnasium was not a proper roller skating rink and that the assistance she received fell below the industry standard.

*See id.* Li provides no argument on the question of whether expert testimony is required in this instance and cites no authority to support a finding that her own testimony on this subject is permissible. *See* Li's Brief at 15-21.

"This Court will not develop arguments on the behalf of an appellant or comb the record for factual underpinnings to support an appellant's position." *Keller v. Mey*, 67 A.3d 1, 7 (Pa. Super. 2013). Therefore, we find that Li has waived any challenge to the trial court's decision granting Beulah's motion in limine. *See J.J. DeLuca Co., Inc. v. Toll Naval Associates*, 56 A.3d 402, 411 (Pa. Super. 2012) (holding that issue on appeal is waived where appellant fails to develop argument of trial court error).

Next, Li argues that the trial court did not have the authority to enter a compulsory nonsuit prior to the presentation of her case in chief. *See* Li's Brief at 12-14. The trial court acknowledges that a compulsory nonsuit was not the appropriate procedural mechanism to use to dismiss this case prior to Li presenting her evidence. *See* Trial Court Opinion, 6/30/14, at 12-13. Rather, the trial court asserts that we should construe the dismissal of Li's case as the grant of summary judgment. *See id.*

We agree with both Li and the trial court that a compulsory nonsuit was not appropriate in this case. Rule 230.1(a)(1) of the Pennsylvania Rules of Civil Procedure provides: "In an action involving only one plaintiff and

one defendant, the court, on oral motion of the defendant, may enter a nonsuit on any and all causes of action if, **at the close of the plaintiff's case on liability**, the plaintiff has failed to establish a right to relief." Pa.R.C.P. 230.1(a)(1) (emphasis added). Our Supreme Court has explicitly held that a "nonsuit may not be entered by the trial court pursuant to Rule 230.1(a)(1) prior to the commencement of trial before plaintiff's presentation of evidence as to liability." *Lewis v. United Hosps., Inc.*, 692 A.2d 1055, 1058 (Pa. 1997). Therefore, we conclude that the grant of a compulsory nonsuit was not proper in this case.

Instead, as it readily concedes, the trial court should have considered Beulah's motion as a motion for summary judgment. Where a trial court improperly enters a nonsuit prior to the commencement of trial and before a plaintiff's presentation of evidence, we are to construe the court's order as "one for either summary judgment or for judgment on the pleadings. *Id.* In *Wujcik v. Yorktowne Dental Assocs., Inc.*, 701 A.2d 581 (Pa. Super. 1997), our Court applied the rule from *Lewis*, explaining:

> While we agree that entry of a compulsory nonsuit before trial is improper, we nevertheless are convinced that [the trial court] had the authority to dismiss appellant's case prior to trial. As we have previously held, it is entirely appropriate for a trial judge, at a pre-trial conference, to decide issues of law based on admitted or undenied facts appearing of record. Thus, [the trial court] had the pre-trial authority to determine that appellant's offer of proof of damages was legally insufficient and to dismiss his cause of action. Of course, [the trial court] should

have treated appellee's objection to appellant's proposed method of proof as either a motion for summary judgment or for judgment on the pleadings. ***Cf.*** [***Lewis***, 692 A.2d at 1057-58] (compulsory nonsuit granted before plaintiffs had opportunity to present evidence was error; court should have treated motion as either one for summary judgment or judgment on the pleadings; thus, a motion to remove the nonsuit was not necessary to perfect an appeal); [***Gallagher v. Harleysville Mut. Ins. Co.***, 617 A.2d 790, 796 (Pa. Super. 1992)] (same).

***Id.*** at 583-84 (citations omitted). Accordingly, we will construe the trial court's order granting a compulsory nonsuit as the grant of a motion for summary judgment. ***See id.***; ***see also Valles v. Albert Einstein Med. Ctr.***, 805 A.2d 1232, 1235 n.6 (Pa. 2002) (construing the improper grant of a compulsory nonsuit prior to the plaintiff's case in chief as a motion for summary judgment).

Our standard of review with respect to a trial court's decision to grant or deny summary judgment is as follows:

A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order

> to survive summary judgment. Failure of a non[-]moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

**Thompson v. Ginkel**, 95 A.3d 900, 904 (Pa. Super. 2014) (quoting **JP Morgan Chase Bank, N.A. v. Murray**, 63 A.3d 1258, 1261–62 (Pa. Super. 2013)).

Li argues that the trial court should not have dismissed her case because Beulah is liable to her under sections 323 and 324 of the Restatement (Second) of Torts.[3] **See** Li's Brief at 23-24. Section 323 provides as follows:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> > (a) his failure to exercise such care increases the risk of such harm, or
> >
> > (b) the harm is suffered because of the other's reliance upon the undertaking.

Restatement (Second) of Torts § 323. Section 324 further provides:

---

[3] Pennsylvania has adopted sections 323 and 324 Restatement (Second) of Torts. **Filter v. McCabe**, 733 A.2d 1274, 1276 (Pa. Super. 1999).

> One who, being under no duty to do so, takes charge of another who is helpless adequately to aid or protect himself is subject to liability to the other for any bodily harm caused to him by
>
> > (a) the failure of the actor to exercise reasonable care to secure the safety of the other while within the actor's charge, or
> >
> > (b) the actor's discontinuing his aid or protection, if by so doing he leaves the other in a worse position than when the actor took charge of him.

Restatement (Second) of Torts § 324.

Li asserts that she informed staff at the roller skating event that she was unable to skate without aid and that Beulah assigned Gelpi to assist her. *See* Li's Brief at 22-23. Li contends that after helping her onto the skating floor, Gelpi failed to exercise reasonable care by suddenly and without warning withdrawing his aid and assistance while she was skating, causing her to fall and sustain serious injuries. *See id.* Consequently, Li argues that Beulah is liable to her under sections 323 and 324. *See id.*

The trial court disposed of Li's section 323 and 324 argument as a matter of law by applying the doctrine of assumption of the risk. *See* Trial Court Opinion, 6/30/14, at 8-12. The trial court determined that Li assumed the risk of roller skating and that Beulah therefore had no duty to protect Li against the typical risks of roller skating, such as falling down or being bumped by other skaters. *Id.* at 10 (citing *Berman v. Radnor Rolls, Inc.*, 542 A.2d 525, 531 (Pa. Super. 1988)). For the following reasons, we

conclude that the trial court's application of the doctrine of assumption of the risk was inappropriate here.

In dicta in the case of **Hughes v. Seven Springs Farm, Inc.**, 762 A.2d 339 (2000), our Supreme Court indicated that "[a]s a general rule, the doctrine of assumption of the risk, with its attendant 'complexities' and 'difficulties,' has been supplanted by the Pennsylvania General Assembly's adoption of a system of recovery based on comparative fault in the Comparative Negligence Act, 42 Pa.C.S. § 7102(a)-(b)." **Id.** at 341 (citing **Howell v. Clyde**, 620 A.2d 1107 (Pa. 1993)). The **Howell** case was a non-binding plurality opinion, however, and as late as 2009, this Court has continued to apply the assumption of the risk doctrine, albeit while acknowledging that its "continuing vitality ... remains in doubt." **Zeidman v. Fisher**, 980 A.2d 637, 640 (Pa. Super. 2009).

In a subsequent case, **Montagazzi v. Crisci**, 994 A.2d 626 (Pa. Super. 2010), this Court indicated that the assumption of the risk doctrine is a "function of the duty analysis" required in any negligence action, citing to the following passage in **Carrender v. Fitterer**, 469 A.2d 120 (Pa. 1983):

> Appellee misperceives the relationship between the assumption-of-risk doctrine and the rule that a possessor of land is not liable to his invitees for obvious dangers. When an invitee enters business premises, discovers dangerous conditions which are both obvious and avoidable, and nevertheless proceeds voluntarily to encounter them, the doctrine of assumption of risk operates merely as a

counterpart to the possessor's lack of duty to protect
the invitee from those risks.

*Montagazzi*, 994 A.2d at 636 (quoting *Carrender*, 469 A.2d at 125).

Under this formulation of the doctrine, a person relieves another of any duty to alleviate dangers when he voluntarily proceeds "to encounter a known or obvious danger." *Carrender*, 469 A.2d at 125. Accordingly, in *Montagazzi* we reiterated that "the question of assumption of the risk typically remains for the jury," and that "only where the evidence reveals a scenario so clear as to void all questions of material fact concerning the plaintiff's own conduct can the court enter summary judgment." *Montagazzi*, 994 A.2d at 636.

Li's section 323 and 324 argument is not that Beulah is liable to her merely because she fell and injured herself at Beulah's rink; it is that Gelpi took charge of her and failed to exercise reasonable care by withdrawing his aid and causing her to fall. *See* Li's Brief at 23-24. Here, there is no evidence of record regarding whether Li assumed any risk. Thus, in this case, the doctrine of assumption of the risk did not provide a basis to dismiss Li's section 323 and 324 claim as a matter of law on summary judgment.[4] Therefore, we conclude that summary judgment was not appropriate in this case. Accordingly, we vacate the trial court's order

---

[4] We question whether the doctrine of assumption of the risk is a valid defense to a section 323 and 324 claim. The trial court provides no authority to support this notion. Based upon our disposition of this issue and the state of the record, however, we need not reach this question.

- 13 -

granting a compulsory nonsuit and remand this case to the trial court for trial on Li's claims based on section 323 and 324 of the Restatement (Second) of Torts.

Order affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2015