J-A09004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHRISTOPHER YOUNG, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| S. B. CONRAD, INC., SHELLY | : | |
| ENTERPRISES US LBM, LLC, J & S | : | No. 2501 EDA 2018 |
| ELECTRICAL CONTRACTORS, INC. | : | |
| AND WILLIAM C. FISCHER | : | |
| PLUMBING & HEATING, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RRR CONTRACTORS, INC. | : | |

Appeal from the Judgment Entered, September 20, 2018,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  01029 December Term, 2015.

BEFORE:   KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 23, 2019**

In this negligence action, Christopher Young allegedly appeals from a September 20, 2018 judgment that the prothonotary entered, following the trial court's denial of his post-trial motion.  However, as Young so vociferously and correctly argues in his appellate brief, there was no trial.  Accordingly, his filing of a post-trial motion was ill-advised.

A year prior to this appeal, the trial court entered an order dismissing Young's case.  The court determined Young was a statutory employee of S.B.

_____

* Retired Senior Judge assigned to the Superior Court.

Conrad, Inc. under the Pennsylvania Workman's Compensation Act[1] ("the Workers' Comp. Act"). Thus, it held S.B. Conrad was immune from Young's lawsuit and granted judgment in favor of S.B. Conrad on August 21, 2017.

Instead of appealing that order, Young filed a post-trial motion to remove what he called a "nonsuit," and the trial court erroneously entertained his motion. When the court finally denied his motion in 2018, Young attempted to appeal from an entry of judgment on that order. Because Young's appeal is untimely by nearly a year, we lack jurisdiction to consider it. This appeal must be quashed.

The case's facts are largely irrelevant, because our disposition rests on procedural grounds. Briefly, Young alleges that he was an employee of RRR Contractors. He also claims that a general contractor, S.B. Conrad, Inc., contracted with RRR Contractors for a building project. RRR Contractors assigned Young to work on that project. In the course of his duties, Young fell two stories, suffered severe and permanent injuries, and sued.

S.B. Conrad filed a motion *in limine*, claiming to be Young's statutory employer under the Workers' Comp. Act, and it requested that that issue be bifurcated from the rest of the case. On August 21, 2017, the trial court granted the motion *in limine*, which the court treated as a motion for summary judgment. As the court explained without objection from Young, "I think the preliminary step is to rule on the submission of statutory employment, which

---

[1] 77 P.S. §§ 1-2710.

I am looking at it as a motion for summary judgement, although [S.B. Conrad] filed it as a pre-trial motion for bifurcation." N.T., 8/21/17, at 3.

In granting that motion, the trial court dismissed Young's entire case against S.B. Conrad. The parties and trial court next discussed whether Young could appeal immediately. Defense counsel remarked, "This is a final order." *Id.* at 19. Despite that observation, Young instead filed a motion for post-trial relief.

He did not appeal the trial court's August 21, 2017 grant of summary judgment until August 9, 2018.[2]

"Tardy filings go to the jurisdiction of the tribunal to entertain a cause, and thus cannot be lightly dismissed. The establishment of jurisdiction is of equal importance as the establishment of a meritorious claim for relief." *Robinson v. Pennsylvania Bd. of Prob. & Parole*, 582 A.2d 857, 860 (Pa. 1990). "Although neither party has challenged our jurisdiction, we may always consider that question on our own motion." *Kapcsos v. Benshoff*, 194 A.3d 139, 141 (Pa. Super. 2018). A jurisdictional issue presents us with "a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." *Id.*

---

[2] On September 14, 2018, this Court issued Young a rule to show cause why we should not transfer his appeal to the Commonwealth Court of Pennsylvania. *See* Superior Court Order, 9/14/18, at 1. However, as Young's appeal was untimely, no appellate court has jurisdiction over it. Whether Commonwealth Court was the appropriate court to consider this appeal is therefore moot.

Pennsylvania Rule of Appellate Procedure 903 dictates that "the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." This Court "is without jurisdiction to excuse failure to file a timely notice of appeal, as 30-day period for appeal must be strictly construed; untimely appeal divests the Superior Court of jurisdiction." *State Farm Fire Co. v. Craley ex rel. Estate of Craley*, 784 A.2d 781, 785 n. 5 (Pa. Super. 2001), *reversed on other grounds sub nom*, *Motorists Mutual Ins. Co. v. Pinkerton*, 830 A.2d 958 (Pa. 2003).

To calculate Young's 30 days to appeal under Pa.R.A.P. 903, this Court must decide whether the trial court's grant of summary judgment was a final, appealable order. "[A]n appeal may be taken as of right from any final order of a . . . trial court." Pa.R.A.P. 341. If the order granting S.B. Conrad's motion *in limine* was final, then Young's appellate rights vested the moment the trial court entered it. Accordingly, we first ascertain what type of ruling the trial court made on August 21, 2017.

Young contends throughout his brief that the trial court could not have granted S.B. Conrad a compulsory nonsuit. He argues that, when the motion *in limine* was before the trial court, he had yet to present any evidence to a jury. Young says a nonsuit was premature under Pennsylvania Rule of Civil Procedure 230.1, which dictates that a trial court may only "enter a nonsuit on any and all cause of action . . . at the close of the plaintiff's case on liability . . . ." Instead, he believes that, under appellate case law, the court granted

- 4 -

summary judgment. *See* Young's Brief at 15-17 (quoting *Lewis v. United Hospitals*, 692 A.2d 1055 (Pa. 1997)). Young is correct.

The *Lewis* Court adopted this Court's construction of Pa.R.Civ.P. 230.1, first articulated in *Gallagher v. Harleysville Mutual Insurance Co.*, 617 A.2d 790, 796 (Pa. Super. 1992), *appeal denied*, 629 A.2d 1381 (Pa. 1993). Based upon the plain language of Rule 230.1, its Explanatory Comment, and the practices of our courts before the Rule's adoption, *Lewis* reasoned that it was impossible for a trial court to grant a nonsuit before the close of a plaintiff's case-in-chief. The Supreme Court explained:

> In *Gallagher*, the trial court, *sua sponte*, entered nonsuit against plaintiffs' breach of contract claim before the trial began and before the plaintiffs presented any evidence as to liability. On appeal, the plaintiffs alleged that nonsuit should not have been entered pursuant to Rule 230.1, because a nonsuit may only be granted after the plaintiffs presented their evidence at trial as to liability. The Superior Court agreed and held that a trial court's grant of nonsuit prior to trial could not be characterized as granting nonsuit under Rule 230.1, since such a motion may only be granted after a plaintiff's liability evidence has been presented to the jury. The Superior Court found, instead, that the trial court's action should have been characterized as either a grant of summary judgment or a judgment on the pleadings. Thus, the Superior Court held that **post-trial motions to remove the nonsuit were not required under Rule 227.1, since the proceedings did not constitute a trial**.
>
> . . . we hold today that *Gallagher* is a correct statement of the law and that nonsuit may not be entered by the trial court pursuant to Rule 230.1 prior to the commencement of trial before plaintiff's presentation of evidence as to liability.

*Lewis*, 692 A.2d at 1057-1058, (emphasis added) (citations omitted).

As previously noted, at the oral argument on S.B. Conrad's motion, the trial court did not view the motion as seeking a nonsuit, but rather as a motion for summary judgment. Under **Gallagher** and **Lewis**, the trial court correctly viewed the motion as one for summary judgment. In addition, we emphasize the **Gallagher** Court held that post-trial motions to remove a pre-trial "nonsuit" were improper, because there was no trial.[3]

Here, as in **Gallagher**, there was no trial. Hence, "post-trial motions were not required under Rule 227.1, which provides, *inter alia*, that such motions may not be filed with respect to orders disposing of motions . . . for summary judgment or other proceedings that do not constitute a trial . . . [P]ost-trial motions with respect to the order were not allowed . . . ." **Id.** at 796. Young filed them anyway, and the trial court deliberated over them for nearly a year.

This brings Young's appeal squarely within the procedural posture of **Overnite Transp. Co. v. Teamsters Local 107**, 779 A.2d 533, (Pa. Super. 2011), *reversed sub nom.*, **Overnite Transp. Co. v. Local Union No. 107**, 786 A.2d 173 (Pa. 2001). There, in April of 2000, a trial judge held the Teamsters in contempt – a final and immediately appealable order. Instead of appealing, however, the Teamsters filed a motion for post-trial relief, which the trial court considered for five months and denied. The Teamsters then

---

[3] Pennsylvania Rule of Civil Procedure 227.1, titled "Post-Trial Relief," governs the filing of all post-trial motions. Parties may only file such motions "[a]fter trial . . . ." Pa.R.Civ.P. 227.1(a).

appealed within 30 days of that order. On appeal, the company challenged appellate jurisdiction on the grounds that the appeal was untimely.

After acknowledging that the company was technically correct under the Appellate Rules, this Court reached the merits of the appeal, explaining:

> the April 27, 2000 order was final and directly appealable. Post-trial motions pursuant to Pa.R.C.P. 227.1 were inappropriate . . . However, we will not penalize a party when its procedural errors are shared equally by those of the trial court . . . Thus, because the trial court treated the post-trial motions as proper under Pa.R.C.P. 227.1, we will accept that treatment in this instance and treat the appeal as properly filed within 30 days of the denial of post-trial motions. Accordingly, the Motion to Quash is denied.

*Overnite Transp. I*, 779 A.2d at 535–36 (citations omitted).

The company appealed to the Supreme Court of Pennsylvania. In a *per curiam* judgment order, the High Court granted review and reversed. "The appeal below was untimely filed, and there was no showing of fraud or a breakdown in the court's operation to permit entertaining the appeal. The Superior Court lacked jurisdiction over the appeal." *Overnite Transp. II*, 786 A.2d 173.

We are bound by that precedent. In the appeal at bar, if the grant of summary judgment to S.B. Conrad was a final order, we lack jurisdiction, notwithstanding the trial court's consideration of Young's post-trial motion.

Under Pennsylvania Rule of Appellate Procedure 341, a final order is defined as "any order that disposes of all claims and of all parties . . . ." In granting S.B. Conrad summary judgment, the trial court "did not empanel the

jury . . . and dismissed this action." Young's Motion for Post-Trial Relief at 1. Thus, as defense counsel remarked at the time, the granting of summary judgment on August 21, 2017 was a final, appealable order. It disposed of Young's entire cause of action. Young had to file a notice of appeal no later than 30 days thereafter, on September 21, 2017.

He did not appeal until August of 2018. His appeal, therefore, is patently untimely, and we lack jurisdiction over it. ***See Overnite Transp. II***, ***supra***.

Appeal quashed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/19