J-S34025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KRISTEN LYNN STRAUSSER | |
| Appellant | No. 1840 MDA 2015 |

Appeal from the PCRA Order entered September 21, 2015
In the Court of Common Pleas of Columbia County
Criminal Division at No: CP-19-CR-0000381-2009 and
CP-19-CR-0000517-2009

BEFORE:  PANELLA, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                **FILED JUNE 22, 2016**

Appellant, Kristen Lynn Strausser, appeals from the September 21, 2015 order granting in part and denying in part her petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The record reveals that Appellant, then 31 years old, and her boyfriend, Colton Barrett, then 18 years old, worked together at a volunteer fire department.  They wished to create for themselves an opportunity to fight a residential fire and perform a live rescue.  On March 16, 2009, Appellant and Barret went out together and identified the home of 89-year-old Raymond Belles as their target.  They obtained gasoline and returned to Belles' home at 2 a.m. the following morning.  Barrett poured gasoline on

Belles' porch and garage and ignited it. He later responded to the Belles' fire as a firefighter. Belles escaped unharmed prior to the firefighters' arrival.

On May 11, 2009, Barrett set fire to the home of Ernest and Anna Margaret Robbins without Appellant's involvement. The Commonwealth did not charge Appellant with any crime related to the Robbins fire. The Robbins fire caused little damage and the Robbinses escaped without injury. Appellant and Barrett both responded to the Robbins fire as firefighters. At the scene of the Robbins fire, Appellant asked Barrett to set another fire. Within hours, Barrett set fire to the home of Reuben and Pauline Albertson, aged 84 and 77, respectively. Barrett poured gasoline in the Albertson's enclosed front porch and ignited it. Both Albertsons suffered severe injuries. They survived, albeit with lingering complications from their injuries, and their home was destroyed.

On January 28, 2011, a jury found Appellant guilty of multiple counts of conspiracy (18 Pa.C.S.A. § 903), including conspiracies to commit third degree murder (18 Pa.C.S.A. § 2502(c)), aggravated assault (18 Pa.C.S.A. § 2702), arson (18 Pa.C.S.A. § 3301), and burglary (18 Pa.C.S.A. § 3502). On April 7, 2011, the trial court imposed an aggregate 17 to 34 years of incarceration. This Court affirmed the judgment of sentence on January 3, 2013. Appellant filed this timely first PCRA petition on January 9, 2014. The PCRA court conducted a hearing on September 16, 2015 and entered the order on appeal on September 21, 2015. The PCRA court's September 21,

2015 order vacated all but two of Appellant's conspiracy convictions—one for the Belles fire and one for the Albertson fire. Appellant argues there was only one conspiracy because she and Barrett agreed to burn multiple homes. The sole issue on appeal is whether the PCRA court erred in finding that the Belles arson and the Albertson arson were the subject of separate conspiracies.[1]

We review the PCRA court's order denying relief to determine whether the PCRA court committed an error of law and whether the record supports the PCRA court's factual findings. *Commonwealth v. Brandon*, 51 A.3d 231, 233 (Pa. Super. 2012). "In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Id.* (quoting *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010)).

The law governing Appellant's argument is well settled. The Crimes Code provides: "**(c) Conspiracy with multiple criminal objectives.--**If a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are the object of the same

---

[1] Appellant does not identify the basis for his eligibility for relief under § 9543 of the PCRA. We observe that imposition of multiple sentences for one conspiracy is prohibited by statute. 18 Pa.C.S.A. § 903(c); *Commonwealth v. Davis*, 704 A.2d 650, 654-55 (Pa. Super. 1997), *appeal denied*, 719 A.2d 744 (Pa. 1998), *cert. denied*, 525 U.S. 1026 (1998). Thus, Appellant is eligible for relief under § 9543(a)(2)(vii).

agreement or continuous conspiratorial relationship." 18 Pa.C.S.A. § 903(c). "Section 903(c) articulates a concept which is not new in American jurisprudence, 'The conspiracy is the crime, and that is one, however diverse its objects.'" *Commonwealth v. Lore*, 487 A.2d 841, 855 (Pa. Super. 1984) (quoting *Braverman v. United States*, 317 U.S. 49, 54 (1942)).

In *Commonwealth v. Barnes*, 871 A.2d 812 (Pa. Super. 2005), *affirmed per curiam*, 924 A.2d 1202 (Pa. 2007), the defendant and several cohorts purchased drugs in New York City and were selling them in Scranton over a period of several days. *Id.* at 815. One of the defendant's cohorts shot and killed a purchaser when the purchaser complained about the quantity and quality of cocaine he received. *Id.* at 816. The defendant removed cocaine from the victim's hands. *Id.* The defendant was convicted of three conspiracies: to commit third degree murder, robbery, and delivery of a controlled substance. *Id.* at 817. Citing § 903(c), this Court wrote, "for appellant to be convicted of three counts of conspiracy, there must be separate agreements, or separate conspiratorial relationships, to support each conviction." *Id.* at 820.

> The factors most commonly considered in a totality of the circumstances analysis of the single vs. multiple conspiracies issue ... are: the number of overt acts in common; the overlap of personnel; the time period during which the alleged acts took place; the similarity in methods of operation; the locations in which the alleged acts took place; the extent to which the purported conspiracies share a common objective; and, the degree to which interdependence is needed for the overall operation to succeed.

*Id.* (quoting *Davis*, 704 A.2d at 654). The *Barnes* Court concluded the defendant did not commit multiple conspiracy offenses. "These acts [leading to the defendant's convictions] occurred almost simultaneously, at one location, the same method was employed and the same objective was pursued." *Id.* at 821.

In *Davis*, the defendant and several friends, armed with a baseball bat, sought out the victim to collect a drug debt. *Davis*, 704 A.2d at 650 (Pa. Super. 1997). Ultimately, they beat the victim to death. *Id.* The defendant was convicted of conspiracy to commit third degree murder and conspiracy to commit robbery. *Id.* The defendant argued that he and his friends had only one agreement: to retrieve money from the victim by force. *Id.* at 654. The Commonwealth argued that a second agreement arose during the attack when it escalated to a murder. *Id.* This Court concluded that the malice necessary to commit third degree murder was subsumed within the conspirators' original agreement, given their agreement to use a baseball bat. *Id.*

Instantly, the Commonwealth relies on *Commonwealth v. Troop*, 571 A.2d 1084 (Pa. Super. 1990), *appeal denied*, 584 A.2d 317 (Pa. 1990), in which the defendant and four accomplices committed three separate gunpoint robberies within a span of several days. The defendant was convicted of a separate count of conspiracy for each robbery. *Id.* at 1085. The defendant argued the conspirators had a common goal for the three

- 5 -

robberies: to obtain drug money. *Id.* at 1090. The *Troop* Court rejected the defendant's argument, reasoning that the robberies took place at separate times and in separate places. *Id.* The record contained no evidence of a plan that encompassed three robberies. *Id.*

Similarly, in *Commonwealth v. Herrick*, 660 A.2d 51 (Pa. Super. 1995), *appeal denied*, 672 A.2d 305 (Pa. 1996), the defendant and his associate sold drugs to a confidential informant on two consecutive days. *Id.* at 53. The defendant was convicted of two counts of conspiracy to deliver a controlled substance. *Id.* This Court acknowledged that "there were two drug transactions, both involving the same people, the same location, held under similar circumstances, committed within one day of each other." *Id.* at 55. Nevertheless, "[n]either illegal transaction with [the confidential informant] was necessarily intertwined with the other; both were independent phenomena. [. . .] [T]he execution of one drug transaction was not necessary for the other one to succeed." *Id.* Thus, the *Herrick* Court concluded each transaction was a distinct conspiracy. *Id.*

Instantly, Appellant and Barrett committed two similar crimes at different locations approximately two months apart. Appellant argues these crimes took place in furtherance of a common plan of fighting fires inside burning homes. Also, the crimes involved the same two coconspirators and the same methods. The Commonwealth counters that Barrett testified that he and Appellant contemplated setting only one fire when they went out

together on March 16, 2009. Subsequently, Barrett set a second fire acting alone. He set the third fire—the Albertson fire, at Appellant's request.

In our view, *Troop* and *Herrick* teach that the repetition of similar crimes is not, in and of itself, evidence of a single conspiracy. Absent evidence that the "multiple crimes are the object of the same agreement", the law does not prohibit convictions for multiple conspiracies. 18 Pa.C.S.A. § 903(c). Here, the record lacks evidence that the Belles fire and the Albertson fire were the object of the same agreement. They were distinct in time and location, and the record supports the PCRA court's conclusion that Appellant and Barrett did not form an agreement to commit multiple arsons. As in *Herrick*, there is no interdependence between the coconspirators' separate offenses. Rather, Appellant and Barrett conspired to burn the Belles home in March of 2009. When that did not achieve the desired result, the decided to burn another home in May of 2009. Unlike *Barnes* and *Davis*, the record does not reflect one agreement that encompasses multiple offenses. We discern no error in the PCRA court's decision.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2016