Isabelle RIVERA and Wilfredo
Rivera, Appellants,

v.

HOME DEPOT, Home Depot USA, Inc.
a/k/a Home Depot Atlanta, GA, and
Home Depot International, Inc., Ap-
pellees.

Superior Court of Pennsylvania.

Submitted Feb. 25, 2003.
Filed Sept. 5, 2003.

Allen L. Feingold, Philadelphia, for appellants.

Kenneth M. Dubrow, Philadelphia, for appellee.

BEFORE: FORD ELLIOTT, KLEIN and MONTEMURO,* JJ.

* Retired Justice assigned to the Superior Court.

OPINION BY KLEIN, J.:

¶ 1 Isabelle and Wilfredo Rivera appeal from the judgment entered on the order denying their post-trial motion to strike a nonsuit entered in the Court of Common Pleas of Philadelphia County. Isabelle Rivera was allegedly injured when she was struck by an electronic door while leaving a Home Depot store with her husband. Because the Riveras had no expert witness to testify that the door was defective and did not point to any specific discovery requests that would justify their failure to present an expert, the trial court entered a compulsory nonsuit. The Riveras filed a motion to strike the nonsuit, which was denied. We affirm.

¶ 2 First, we must determine if the appeal is properly before us, as Home Depot has moved to quash the appeal. Home Depot claims that the Riveras' appeal is untimely because they did not appeal within 30 days of the order granting the compulsory nonsuit. We disagree. Under Pennsylvania law, it was improper for the trial court to enter a compulsory nonsuit because trial had not begun and no testimony had been received. *See Lewis v. United Hosps., Inc.*, 547 Pa. 626, 692 A.2d 1055 (1997); *Ruhe v. Kroger Co.*, 425 Pa. 213, 228 A.2d 750 (1967). Although what the trial court characterized as a motion for a compulsory nonsuit was, in effect, a summary judgment motion, the trial court still called it the grant of a nonsuit. In this circumstance, we cannot fault the Riveras for following proper court procedure and filing a motion to strike the nonsuit before filing an appeal. Therefore, we hold that the appeal was timely filed within 30 days of the order denying the Riveras' motion to strike, and we will consider the merits of the appeal.

¶ 3 On the eve of trial, the Riveras conceded to the trial court that they did not have a liability expert and would be unable to succeed at trial without an expert. They claim the only reason they did not produce an expert report was that Home Depot did not honor their discovery requests and, thus, they did not have enough information to secure an expert report. This claim, however, is not supported by the record. The Riveras also argue for the first time on appeal that they did not need an expert because liability could be established under the doctrine of *res ipsa loquitur.* Because this argument was not raised in the trial court, it is waived.

¶ 4 A full discussion follows.

### 1. *Facts and Procedure*

¶ 5 The Riveras filed suit against Home Depot and its related corporate entities, claiming that the door to the store was defective, thereby causing it to close on Mrs. Rivera and injure her. They also claimed that Home Depot was negligent in maintaining the door and knew or should have known of its defective condition at the time of the incident.

¶ 6 Jury selection began on December 12, 2001. On Home Depot's motion, the trial court dismissed the initial jury panel as tainted due to prejudicial remarks made by counsel. Before a new jury panel was selected, the Riveras' counsel, Allen L. Feingold, Esquire, conceded on the record that he had insufficient evidence to present his case to the jury:

> I do not believe that my client can put on a winning case it would be more than like shooting dice in a court of law and if your Honor would bring in that [jury] panel or a new panel you would ask me to put on a witness I would decline so

your Honor would be forced to enter a nonsuit.

(N.T., 12/12/01, at 9; *see also id.* at 5.) Upon Home Depot's motion, the trial judge, Judge Flora Barth Wolf, entered a compulsory nonsuit on the ground that the Riveras lacked sufficient evidence to present their case to the jury. The Riveras filed a motion to strike the nonsuit under Pa.R.C.P. 227.1, which was denied on February 13, 2002. On March 11, 2002, the Riveras filed a praecipe for entry of judgment on the court's order denying their motion to strike the nonsuit. On March 12, 2002, they filed this appeal.

### 2. *Discussion*

#### A. We decline to quash the Riveras' appeal.

¶ 7 This case falls into the murky quagmire often created when a pretrial ruling effectively determines the case, and the parties decide not to go through the fruitless effort and expense of putting on a trial when the result has already been determined. The laudable goal is to preserve the key legal issue for appellate review while not wasting everyone's time, effort, and money by putting on a trial when the result is preordained. One common example is when a pretrial motion is decided against a party, such as a motion to preclude an expert under *Frye*[1] or for failure to include a critical factor in the expert report. In that instance, the parties want to save the time and expense of a trial but also want to preserve the issue for appeal.

¶ 8 There are two ways to do this properly. One way is to proceed with a stipulated trial, by waiving a jury and stipulating to a brief summary of what the proposed witnesses will say. In a civil case, after the trial has formally begun, the plaintiff summarizes his or her

---

1. *Frye v. United States,* 293 F. 1013 (D.C.Cir. 1923).

evidence, and the defendant stipulates that the witness would testify that way, the judge may enter a compulsory nonsuit. In that situation, it would be improper for the plaintiff to appeal before filing a motion to strike the nonsuit. Once the motion to strike the nonsuit is denied, the 30–day appeal period begins to run. *See* Pa.R.A.P. 903(a). An appeal filed before the motion to strike the nonsuit would be quashed as interlocutory because there is no final judgment. *See generally Rachlin v. Edmison,* 813 A.2d 862 (Pa.Super.2002) *(en banc ).*

¶ 9 Another alternative is that the parties agree before trial that a summary judgment motion can be filed, although it is just before trial. The opposing side agrees to the late filing, and everyone realizes the court will grant it. In that circumstance, there is no right or obligation to file a post-trial motion, and an appeal can and must be taken within 30 days. *See generally Lewis, supra.*

¶ 10 The problem occurs when the pretrial ruling is finally determined shortly before trial and the parties are not careful in how they proceed. Essentially, they neither go through the formalities of a stipulated trial and have the trial judge grant a compulsory nonsuit, nor file an oral *nunc pro tunc* summary judgment motion and have that motion granted.

¶ 11 Here, since no testimony was taken, Home Depot's motion should have been characterized as a *nunc pro tunc* summary judgment motion, and the trial court's ruling should have been to grant summary judgment, not a compulsory nonsuit. *Lewis, supra; see also Wujcik v. Yorktowne Dental Assocs., Inc.,* 701 A.2d 581, 583–84 (Pa.Super.1997) (noting that trial court should have treated defense objection to plaintiff's offer of proof before trial as either summary judgment or motion for judgment on pleadings rath-

er than motion for compulsory nonsuit). However, we do not believe the Riveras' filing of a motion to strike the nonsuit and waiting until that motion was denied before appealing was improper and defeats their right of appeal.

¶ 12 We recognize that this is a case of first impression. Normally, our appellate courts try to preserve the losing party's rights. In one case where a compulsory nonsuit was granted without any testimony, our Supreme Court allowed the appeal within 30 days although no motion to strike the nonsuit had been filed. *Lewis, supra.* In *Bostick v. Schall's Brakes and Repairs, Inc.,* 725 A.2d 1232 (Pa.Super.1999), this Court held that if a nonsuit is granted for failure to appear for trial, there is no need for a motion to strike the nonsuit. In another case, our Supreme Court reversed the grant of a compulsory nonsuit, holding that a nonsuit may not be entered before any testimony is taken; the timeliness of the appeal was not addressed. *Ruhe, supra.* In *Rachlin, supra,* an *en banc* panel of this Court refused to quash an appeal after a stipulated trial in which the plaintiff's proposed evidence was summarized. In *Rachlin,* the plaintiff filed a motion to remove the nonsuit and then appealed within 30 days of the order denying the motion, but more than 30 days from the entry of the nonsuit.

¶ 13 It is true that the trial court's ruling should have been considered a summary judgment ruling; however, it was called the grant of a compulsory nonsuit. Under Pa.R.C.P. 227.1(3), the appropriate procedure after the entry of a compulsory nonsuit is to file a written motion for post-trial relief. That is what the Riveras did in this case. Although the Riveras could have appealed directly because the "nonsuit" ruling was improper, it was proper for them to follow the procedure allowing the trial court to correct the error. Once

that motion was ruled upon, the Riveras had 30 days to file an appeal, which they did. Therefore, because the appeal was timely filed, we deny Home Depot's motion to quash.

### B. The Riveras could not prevail without an expert witness, and nothing Home Depot did precluded them from obtaining an expert.

¶ 14 The Riveras present two issues for our review: (1) whether the trial court erred in granting a compulsory nonsuit based on their lack of expert testimony, and (2) whether the trial court erred in refusing to sanction Home Depot for discovery violations.

¶ 15 During jury selection, Judge Wolf heard argument from both parties' counsel regarding the status of the case. Attorney Feingold admitted that he could not succeed if he went to trial because he did not have sufficient evidence to bring his case to the jury, including a liability expert. (N.T., 12/12/01, at 9; *see* Motion to Strike Non–Suit, ¶ 1.) On appeal, the Riveras attempt to get around counsel's unfavorable concession by arguing that they would have been able to present their case without a liability expert under the doctrine of *res ipsa loquitur.* We find this argument waived.

¶ 16 The certified record reveals that the Riveras never raised the theory of *res ipsa loquitur* at any point in the trial court, including their motion to strike the nonsuit. To the contrary, they admit in their motion and in their brief to this Court that they needed a liability expert to present their negligence case to the jury. (*See* Motion to Strike Non–Suit, ¶ 1; Appellants' Br. at 9–11.) This is a fatal omission because issues raised for the first time on appeal are deemed waived. Pa.R.A.P. 302(a); *see also Commonwealth v. York,* 319 Pa.Super. 13, 465 A.2d 1028, 1032 (1983) (new or different theory of relief may not be advanced for first time on appeal).

¶ 17 The Riveras also claim that the trial court erred in refusing to sanction Home Depot for its violation of numerous discovery orders. They argue that because of Home Depot's discovery misconduct, they were prejudiced in that they were unable to secure a liability expert regarding the malfunctioning door. This claim is also without merit.

¶ 18 The record shows that the parties had engaged in a pretrial discovery battle for several months, which resulted in the entry of orders compelling discovery and imposing sanctions against both parties by numerous judges in the Philadelphia County Court of Common Pleas. The Riveras' last such discovery motion was denied by Judge Patricia A. McInerney on August 8, 2001. After hearing argument and reviewing the parties' submissions, Judge McInerney concluded that Home Depot had complied with the Riveras' discovery requests and refused to impose sanctions.

¶ 19 Before jury selection began in December 2001, the Riveras filed a virtually identical motion for sanctions before Judge Wolf, a judge of equal jurisdiction. It is a settled principle that "judges of coordinate jurisdiction sitting in the same case should not overrule each other's decisions." *Riccio v. American Republic Ins. Co.,* 550 Pa. 254, 705 A.2d 422, 425 (1997); *see Ryan v. Berman,* 572 Pa. 156, 813 A.2d 792, 795 (2002). Under the coordinate jurisdiction rule, "a later motion should not be entertained or granted when a motion of the same kind has previously been denied, unless intervening changes in the facts or the law clearly warrant a new look at the question." *Riccio,* 705 A.2d at 425; *see Ryan,* 813 A.2d at 795. Here, the Riveras failed to present any new facts or

changes in the law that would have warranted Judge Wolf's overruling Judge McInerney's prior order denying sanctions. Accordingly, Judge Wolf appropriately refused to rule on the motion. *Riccio, supra; Ryan, supra; cf. Zane v. Friends Hosp.*, 770 A.2d 339, 340–41 (Pa.Super.) (holding judge violated coordinate jurisdiction rule by refusing to enforce discovery order entered by another judge of same court in same case), *app. granted,* 566 Pa. 322, 781 A.2d 93 (2001).

¶ 20 Moreover, the Riveras have not pointed out in their brief any reason that either Judge McInerney or Judge Wolf abused her discretion in failing to sanction Home Depot. Their brief contains only conclusory statements. Home Depot's brief claims that it was the Riveras who delayed discovery and repeatedly violated the discovery rules. Likewise, there is no evidence beyond the Riveras' counsel's bald assertions that the trial court or the court administration was prejudiced against him or did anything more than properly respond to the legal motions filed by both sides. Merely crying "foul" when a lawyer loses a case is not enough. An appellant must point to some specific reason that a lower court's decision should be reversed.

¶ 21 Judgment affirmed.