J-S43032-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JASON PHILLIP THOMAS | |
| Appellant | No. 1927 WDA 2016 |

Appeal from the PCRA Order November 18, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001973-2014

BEFORE: STABILE, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:            FILED OCTOBER 17, 2017

Appellant, Jason Phillip Thomas, appeals pro se from the order dismissing his first Post Conviction Relief Act[1] ("PCRA") petition. Appellant contends that both his PCRA and trial counsel were ineffective. We affirm.

The salient facts were summarized by this Court as follows:

> On April 8, 2014, Appellant shot and stabbed Stephon Bibbs ("Bibbs"), who lived in the apartment above Appellant, on the landing of their building's steps. Appellant then stole Bibbs' wallet and clothing. The gun used in the murder was stolen and two other individuals were inside the residence when the murder occurred.
>
> On August 7, 2014, Appellant was charged via criminal information with first-degree murder,[fn1] aggravated assault,[fn2] robbery,[fn3] two counts of receiving stolen property,[fn4] two counts of possessing an instrument of crime,[fn5] three counts of recklessly endangering another

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

person,[fn6] and unlawful taking.[fn7]  On March 5, 2015, Appellant was found guilty of all 11 charged offenses.  On April 22, 2015, Appellant was sentenced to an aggregate term of life imprisonment without the possibility of parole.

---

[fn1] 18 Pa.C.S.A. § 2502(a).

[fn2] 18 Pa.C.S.A. § 2702(a)(1).

[fn3] 18 Pa.C.S.A. § 3701(a)(1)(i).

[fn4] 18 Pa.C.S.A. § 3925(a).

[fn5] 18 Pa.C.S.A. § 907(a).

[fn6] 18 Pa.C.S.A. § 2705.

[fn7] 18 Pa.C.S.A. § 3921(a).

---

Commonwealth v. Thomas, 805 WDA 2015, at *1-2 (Pa. Super. Mar. 11, 2016) (unpublished memorandum).

Appellant filed a timely direct appeal and this Court affirmed Appellant's judgment of sentence on March 11, 2016.  Id. at 1, 7.  This Court also granted counsel's Anders[2] petition for leave to withdraw. Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Appellant filed the instant, timely pro se PCRA petition.  The PCRA court appointed counsel.  On May 31, 2016, PCRA counsel filed a no-merit

---

[2] Anders v. California, 386 U.S. 738 (1967).

letter and petition to withdrawal pursuant to Turner/Finley.[3]  In his letter, PCRA counsel provided a comprehensive review of Appellant's ineffective assistance of counsel claims and found that the claims lacked merit. Appellant filed a pro se objection to PCRA counsel's no-merit letter on June 16, 2016.

In addition, on July 8, 2016, Appellant filed a pro se motion for a Grazier[4] hearing.  The PCRA court conducted a Grazier hearing on October 3, 2016 and denied PCRA counsel's petition to withdraw at that time. Appellant filed a pro se motion requesting new PCRA counsel on October 25, 2016.  The following day, the court denied Appellant's motion for new counsel, issued a notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, and granted PCRA counsel's petition to withdraw.  On November 17, 2016, Appellant filed a pro se objection to the PCRA court's Rule 907 notice.  The court entered the final order dismissing Appellant's petition the next day.  Appellant timely appealed, and both Appellant and the court complied with Pa.R.A.P. 1925.

During the pendency of this appeal, Appellant has filed several motions, pro se, alleging that he did not have access to the information necessary to pursue his appeal.  On February 1, 2017, Appellant filed a

---

[3] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[4] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

"Motion for Discovery/Bill of Particulars" with this Court. This Court responded by issuing an order, on February 7, 2017, granting Appellant's motion and ordering the trial court to ensure that Appellant was provided with all the material necessary for his appeal. Thereafter, on March 9, 2017, Appellant filed a "Motion Requesting Order" and a "Motion for Pre-Trial Discovery" with this Court wherein he acknowledged receiving materials from the Erie County Court of Common Pleas but maintained he had not received all the information that he required.[5] Further, on March 13, 2017, Appellant filed "Motion Requesting Help" with this Court. On March 23, 2017, we issued an order denying all three of the above referenced motions and directing Appellant that any arguments regarding any lack of access to documents could be set forth in his appellate brief. Lastly, on August 30 2017, Appellant filed a "Motion Requestion [sic] Voir Dire Transcripts and Colloquy Transcripts."

Appellant raises the following issues for our review:

> Whether the PCRA court abused its discretion or committed an error of law when it denied Appellant's request to amend his PCRA [petition] after permitting PCRA counsel's request to withdraw[?]

> Whether prior counsel was ineffective for failing to consult with [Appellant] about his PCRA prior to filing a no-merit letter?

---

[5] We note that pursuant to our rules of criminal procedure regarding collateral review, "no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1).

Whether prior counsel were ineffective for failing to provide [Appellant] with his discovery or go over the discovery with [Appellant][?]

Whether the PCRA court abused its discretion or committed an error of law when it denied [Appellant's] request for a Grazier colloquy and hearing after permitting PCRA [c]ounsel to withdraw?[6]

Appellant's Brief at 6.[7]

The crux of Appellant's first and second issue is the same. He specifically avers that his PCRA counsel was ineffective for failing to meet with him and for failing to file an amended PCRA petition. Appellant generally contends that had PCRA counsel met with him prior to filing a Turner/Finley no-merit letter, he could have pursued "off the record issues" not included in his pro se PCRA petition. Id. at 11. Further, Appellant argues that PCRA counsel was ineffective for failing to amend his PCRA petition to rectify any defects, as contemplated under Pa.R.Crim. P. 905(B). In his third issue, Appellant asserts that his trial counsel was also ineffective. The gravamen of this issue lies in his contention that trial counsel failed to properly obtain or investigate pre-trial discovery evidence. To this end,

---

[6] Appellant has not provided any argument regarding his fourth issue on appeal and therefore it is waived. See Commonwealth v. Buterbaugh, 91 A.3d 1247, 1262 (Pa.Super. 2014) (en banc) ("The Pennsylvania Rules of Appellate Procedure require that each question an appellant raises be supported by discussion and analysis of pertinent authority, and failure to do so constitutes waiver of the claim."); See also Pa.R.A.P. 2119(a)-(b).

[7] We have reordered Appellant's issues for ease of disposition.

Appellant generally avers that the outcome of his trial would have been different had his trial counsel reviewed "discovery" with him. Id. at 16. We address Appellant's three claims together and conclude that no relief is due.

We begin by noting "[o]ur standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." Commonwealth v. Wilson, 824 A.2d 331, 333 (Pa. Super. 2003) (en banc) (citation omitted).

It is well settled

> that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. Strickland v. Washington, [ ] 104 S. Ct. 2052, [ ] (1984). This Court has characterized the Strickland standard as tripartite, by dividing the performance element into two distinct parts. Commonwealth v. Pierce, [ ] 527 A.2d 973, 975 ([Pa.] 1987). Thus, to prove counsel ineffective, [a]ppellant must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) [a]ppellant was prejudiced by counsel's act or omission. Id. at 975.

Commonwealth v. Koehler, 36 A.3d 121, 132 (Pa. 2012).

In the PCRA arena, a petitioner has an absolute right to counsel on his first petition. Commonwealth v. Lindsey, 687 A.2d 1144, 1145 (Pa. Super. 1996). PCRA counsel must file either an amended PCRA petition or seek withdrawal with a Turner/Finley no-merit letter. Commonwealth v. Burkett, 5 A.3d 1260, 1277 (Pa. Super. 2010).

Counsel seeking to withdraw under Turner/Finley

> . . . must review the case zealously. Turner/Finley counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
>> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.
>>
>> . . . .
>>
>> Where counsel submits a petition and no[ ]merit letter that . . . satisfy the technical demands of Turner/Finley, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

Commonwealth v. Muzzy, 141 A.3d 509, 510-11 (Pa. Super. 2016) (citations omitted).

In the case sub judice, Appellant argues that his PCRA counsel was ineffective for failing to file an amended PCRA petition on his behalf. However, counsel properly filed a comprehensive Turner/Finley no-merit letter, which thoroughly discussed Appellant's arguments set forth in his pro se PCRA petition and found that they lacked merit. See Burkett, 5 A.3d at 1277; Muzzy, 141 A.3d at 510-11. Moreover, Appellant fails to specify what "off the record" arguments PCRA counsel could have presented. Hence,

Appellant has not established that the underlying legal issues which he claims PCRA counsel should have asserted had arguable merit. See Koehler, 36 A.3d at 132. Thus, he fails to prove that his PCRA counsel was ineffective and his first two issues lack merit. See id.

Similarly, in his third issue, Appellant fails to specify what particular evidence trial counsel did not investigate or review with him. Moreover, Appellant does not state how such evidence would have altered the outcome of his trial. Once again, Appellant fails to establish the underlying legal merit of his contentions. See id. Thus, his claim that trial counsel was ineffective also must fail. See id. For these reasons, the PCRA court properly denied Appellant's PCRA petition.

Lastly, we note that Appellant also fails to specify, [in his most recent motion requesting voir dire transcripts], how such information would affect the outcome of his case. Moreover, Appellant did not raise an issue regarding voir dire in his PCRA petition, his objection to PCRA counsel's no-merit letter, or his objection to the PCRA court's Rule 907 notice. It is well settled that issues raised for the first time on appeal are deemed waived. See Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Rivera v. Home Depot, 832 A.2d 487 (Pa.Super. 2003). Therefore, those transcripts are not necessary to the present appeal, and we deny the motion without prejudice to Appellant seeking relief in the PCRA court.

Order affirmed. Motion for voir dire transcripts and colloquy transcripts denied without prejudice.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2017