J-A28017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CYNTHIA VALENTINE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARTIN ELFANT INC. REAL ESTATE, | : | No. 3565 EDA 2016 |
| MARTIN ELFANT INC. REAL ESTATE | : | |
| AND J. MALVERN BENJAMIN, JR. | : | |

Appeal from the Order Entered June 15, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): April Term, 2014 No. 01727

BEFORE: GANTMAN, P.J., PANELLA, J., and DUBOW, J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 29, 2018**

Cynthia Valentine appeals from the order dismissing her complaint alleging that she was injured after negligently maintained stairs caused her to fall. After careful review, we affirm.

We assume the parties' familiarity with the relevant factual background. For a detailed recitation, see the trial court's opinion, dated May 12, 2017. Valentine filed her slip and fall complaint in 2014. According to the initial scheduling order, Valentine's expert reports were due by July 6, 2015.

The deadline was extended to September 7, 2015, by a revised case management order. A subsequent case management order extended the overall discovery deadline to February 19, 2016. However, this order did not explicitly address the deadline for expert reports.

The court granted Valentine two continuances due to her attorney's unavailability to start trial. Thereafter, Valentine retained new counsel. He entered his appearance on behalf of Valentine, and a third continuance was granted. However, the order indicated the trial court would grant no further continuances. Trial was set to start on June 10, 2016.

On May 31, 2016, Valentine submitted an expert report from Richard Hughes, P.E. Appellees, Martin Elfant Inc. Real Estate Company and J. Malvern Benjamin, Jr., filed a motion *in limine* to preclude the testimony of Hughes shortly thereafter.

On June 8, 2016, Valentine submitted an expert report from Mark D. Allen, M.D. The next day, Appellees filed a motion *in limine* to preclude Dr. Allen's testimony.

Prior to trial, the court heard arguments on Appellees' motions. The court precluded the testimony of Hughes and Dr. Allen, noting the submissions were untimely and prejudiced the Appellees.

Appellees then made an oral motion for nonsuit, based upon their belief that Valentine could present no expert testimony on causation. Valentine conceded. And the court granted Appellees' motion for nonsuit.

Valentine filed a motion to strike the nonsuit. The court refused to remove the nonsuit, and Valentine filed this appeal. Valentine purported to appeal from the order denying her motion to remove the nonsuit.

Upon reviewing the docketing statement, this Court concluded the order confirming the nonsuit was not a final, appealable order and directed Valentine to have judgment entered on the order pursuant to **Billig v. Skvarla**, 853 A.2d 1042 (Pa. Super. 2004). Valentine complied with our directive.

Despite this, we must address the issue of our jurisdiction to entertain this appeal. We begin by noting the question of timeliness of an appeal is a jurisdictional issue, as an untimely appeal divests this Court of jurisdiction to hear the merits of the case. **See Sass v. Amtrust Bank**, 74 A.3d 1054, 1063 (Pa. Super. 2013). As such, we may inquire into timeliness of the appeal at any time. **See Murphy v. International Druidic Society**, 152 A.3d 286, 289 (Pa. Super. 2015).

Usually, a party's notice of appeal must be filed within 30 days of the entry of the order that it is appealing. **See** Pa.R.A.P. 903(a). Further, we will not deem a facially untimely appeal to be timely "except under the narrowest of circumstances in which counsel for the offending party can establish either a breakdown in the operations of the judicial support system or extenuating circumstances that rendered h[er] incapable of filing the necessary notice." **Sass**, 74 A.3d at 1063.

However, a party may generally only appeal from "final orders." Pa.R.A.P. 341(a). In relevant part, a final order is defined as an order that "disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1).

Under this rule, pre-trial orders dismissing a plaintiff's case in its entirety are considered final, appealable orders. **See**, **e.g.**, **D'Elia v. Folino**, 933 A.2d 117, 121 (Pa. Super. 2007). However, a verdict entered after trial is not a final order; judgment entered upon the verdict is the final, appealable order. **See Billig**, 853 A.2d at 1048. This is true even where post-trial motions are required to preserve issues for appeal. **See id**.

Nonsuit is appropriate if, after a plaintiff has finished presenting evidence on liability, she has failed to establish a right to relief. **See** Pa.R.C.P. 230.1(a)(1). Chronologically, an order granting nonsuit falls between a pre-trial order and a verdict. Because motions for nonsuit occur after trial has started, our courts have treated them like verdicts, as opposed to pre-trial rulings. Thus, "where a nonsuit has been entered the case is not ripe for appeal until after a motion to remove the nonsuit has been presented to the court and denied." **Billig**, 853 A.2d at 1048.

Since nonsuit can only be entered *after* trial has started, a pre-trial motion for nonsuit should be treated as a *nunc pro tunc* motion for summary judgment or judgment on the pleadings. **See Rivera v. Home Depot**, 832 A.2d 487, 490 (Pa. Super. 2003). Thus, a post-trial motion to remove the alleged nonsuit is not required, and does not toll the 30-day appeal period. **See id**. However, where the trial court mistakenly refers to its order as one granting nonsuit, we will not penalize an Appellant for relying on the trial court's description. **See id**.

Here, the court mislabeled its order as one granting nonsuit prior to the start of trial, rather than summary judgment. Valentine mistakenly followed the procedures required to perfect her right to appeal from the entry of a nonsuit. However, under **Rivera**, this does not render her appeal untimely.[1] We therefore turn to the merits.

Valentine first argues the court improvidently granted a nonsuit prior to the start of trial. As we have just discussed, we agree this was a technical error, but it is a mere error of nomenclature. This error does not render the court's order invalid. **See id**., at 490. Thus, Valentine's first issue on appeal does not merit relief.

Valentine's second and third issues assert the trial court erred in dismissing her claims, as she believes expert testimony was not required to establish causation. After reviewing the record and the trial court's opinion on appeal, we conclude the court thoroughly and appropriately addressed these issues. **See** Trial Court Opinion, 5/12/17, at 6-8 (finding expert medical testimony was required due to Valentine's delay in experiencing symptoms after the fall). We therefore adopt the trial court's reasoning as our own. Valentine's second and third issue merit no relief.

---

[1] Regardless, we have corrected the appeal statement to reflect the date the court mailed Pa.R.C.P. 236 notice of the order dismissing Valentine's case to the parties. **See** Pa.R.A.P. 108(b).

Valentine's final three issues assert claims that the trial court erred in precluding the testimony of Hughes and Dr. Allen. After reviewing the record and the trial court's opinion on appeal, we again conclude the court thoroughly and appropriately addressed these issues. **See** Trial Court Opinion, 5/12/17, at 8-11 (finding Valentine's expert reports were filed well past discovery deadline, and that defendants would be prejudiced because the reports were filed the week before trial began). We therefore adopt the trial court's reasoning as our own. Valentine's fourth, fifth, and sixth issues merit no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/18