J-A09004-19

2019 PA Super 227

| CHRISTOPHER YOUNG, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| S. B. CONRAD, INC., SHELLY | : | |
| ENTERPRISES US LBM, LLC, J & S | : | No. 2501 EDA 2018 |
| ELECTRICAL CONTRACTORS, INC. | : | |
| AND WILLIAM C. FISCHER | : | |
| PLUMBING & HEATING, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RRR CONTRACTORS, INC. | : | |

Appeal from the Judgment Entered, September 20, 2018,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s): 01029 December Term, 2015.

BEFORE:   KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

OPINION BY KUNSELMAN, J.:                    **FILED JULY 25, 2019**

## I.    Introduction

In this negligence action, Plaintiff Christopher Young appeals from an order dismissing his claim against Defendant S.B. Conrad, Inc. Prior to seating a jury, the trial court determined Mr. Young was a statutory employee of S.B. Conrad under the Pennsylvania Workman's Compensation Act[1] ("the Workers' Comp. Act"), as a matter of law. Thus, it held that S.B. Conrad was immune from Mr. Young's lawsuit and granted summary judgment in favor of S.B.

---

[1] 77 P.S. §§ 1-2710.

---

*   Retired Senior Judge assigned to the Superior Court.

Conrad on August 21, 2017. However, the trial court memorialized its order on a trial worksheet that purported to enter a compulsory non-suit rather than summary judgment.

Instead of immediately appealing as he could have, Mr. Young relied on the trial court's mischaracterization of its order as an entry of non-suit and filed a post-trial motion to remove it. Because his reliance was reasonable, we have jurisdiction over his appeal, even though it came in nearly a year after the grant of summary judgment. We find, however, that Mr. Young failed to preserve any of his appellate issues. Thus, we affirm.

## II. Factual and Procedural Background

The case's facts are largely irrelevant, because our disposition rests on procedural grounds. Briefly, Mr. Young alleges he was an employee of RRR Contractors. He also claims S.B. Conrad, Inc. contracted with RRR Contractors for a building project. RRR Contractors assigned Mr. Young to work on that project. In the course of his duties, Mr. Young fell two stories, suffered severe and permanent injuries, and sued.

The week before trial, S.B. Conrad filed a motion for non-suit, claiming to be Mr. Young's statutory employer under the Workers' Comp. Act, and it asked the trial court to bifurcate that issue from the rest of the case. On August 21, 2017, the trial court granted its motion, which the trial court said it was treating as a motion for summary judgment. As the court explained without objection from Mr. Young, "I think the preliminary step is to rule on the submission of statutory employment, which I am looking at it as a motion

for summary judgement, although I filed it as a pre-trial motion for bifurcation." N.T., 8/21/17, at 3.

There was a lengthy oral argument, where both sides treated the employment-status question as one of law for the court. *See id.* at 3-19. Indeed, Mr. Young's attorney conceded that the issue was one of law:

> **THE COURT:** I believe this is a decision, not something that needed to be decided by a jury. That it deals with law.
>
> **PLAINTIFF'S COUNSEL:** I agree with that.

*Id.* at 21.

After the trial court ruled that Mr. Young was a statutory employee of S.B. Conrad, plaintiff's counsel tried, for the first, to interpose a procedural issue. His discussion with the trial court went as follows:

> **PLAINTIFF'S COUNSEL:** Your Honor, I just, for the record, I need to put this on the record to make sure the Superior Court doesn't say we don't have a record.
>
> S.B. Conrad failed to file a Summary Judgment Motion, which I would have then had 30 days to produce evidence as to why they have not met their burden. On Friday and today, S.B. Conrad renewed the legal argument that they are immune, not in the form of Summary Judgment, but in a motion *in limine*. I then had the afternoon of Friday to supply the Court with whatever –
>
> **THE COURT:** And you had all weekend.
>
> **PLAINTIFF'S COUNSEL:** I apologize. I thought you wanted me to respond by the end of the day Friday.
>
> **THE COURT:** I never directed you to do that. I asked this question in the conference room, *I said*: Do I have everything in front of me that I need to make a ruling? And you specifically stated that I did.

> ***You said***: [All the evidence that I needed was in the documents that you] provided and based on that representation I came in this morning with the understanding that all sides were on the same page. That based on the writing I was given, that I could proceed forward.
>
> [Defense counsel] said at that time, if you come in Court on Monday morning and you think you need more, I will have people from S.B. Conrad to supplement anything that I have if you feel that need to.

***Id.*** at 20 (emphasis in original).

Plaintiff's counsel did not contest the trial court's recollection of the off-the-record conversation in the conference room, place an objection on the record, or cite any procedural rule during the August 21, 2017 argument.

The trial court memorialized its decision in a form order, headed "Trial Work Sheet," on which the court placed an "X" next to "Non-Suit entered." August 21, 2017 Order at 1. Six days after receiving the notice of non-suit, Mr. Young moved for post-trial relief, raising two claims of procedural error for the first time. Nearly a year later, the trial court denied his motion.

Mr. Young appealed from that order twelve months after S.B. Conrad received summary judgment. The prothonotary then entered judgment based on the order denying Mr. Young's post-trial motion.

### III. Analysis

*A.    Timeliness of the Appeal.*

Mr. Young waited almost a year to appeal an order that, by rule, was a grant of summary judgment. We pause to consider our jurisdiction.

"Tardy filings go to the jurisdiction of the tribunal to entertain a cause, and thus cannot be lightly dismissed. The establishment of jurisdiction is of equal importance as the establishment of a meritorious claim for relief." **Robinson v. Pennsylvania Bd. of Prob. & Parole**, 582 A.2d 857, 860 (Pa. 1990). "Although neither party has challenged our jurisdiction, we may always consider that question on our own motion." **Kapcsos v. Benshoff**, 194 A.3d 139, 141 (Pa. Super. 2018) (*en banc*). A jurisdictional issue presents us with "a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." **Id.**

Pennsylvania Rule of Appellate Procedure 903(a) mandates that "the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." This Court "is without jurisdiction to excuse failure to file a timely notice of appeal, as [the] 30-day period for appeal must be strictly construed; [an] untimely appeal divests the Superior Court of jurisdiction." **State Farm Fire Co. v. Craley ex rel. Estate of Craley**, 784 A.2d 781, 785 n.5 (Pa. Super. 2001), *reversed on other grounds sub nom*, **Motorists Mutual Ins. Co. v. Pinkerton**, 830 A.2d 958 (Pa. 2003).

In **Rivera v. Home Depot USA, Inc.**, 832 A.2d 487 (Pa. Super. 2003), this Court opined that, when the trial court and the parties should have treated a pre-trial motion as one for summary judgment rather than for non-suit, the losing party's fling of post-trial motions should not be held against it. We explained that a:

problem occurs when the pretrial ruling is finally determined shortly before trial and the parties are not careful in how they proceed. Essentially, [the parties] neither go through the formalities of a stipulated trial and have the trial judge grant a compulsory nonsuit, nor file an oral *nunc pro tunc* summary judgment motion and have that motion granted.

Here, since no testimony was taken, Home Depot's motion should have been characterized as a *nunc pro tunc* summary judgment motion, and the trial court's ruling should have been to grant summary judgment, not a compulsory nonsuit. **Lewis v. United Hospitals**, 692 A.2d 1055 (Pa. 1997) . . . However, we do not believe the Riveras' filing of a motion to strike the nonsuit and waiting until that motion was denied before appealing was improper and defeats their right of appeal.

\*      \*      \*      \*      \*

It is true that the trial court's ruling should have been considered a summary judgment ruling; however, it was called the grant of a compulsory nonsuit. Under Pa.R.C.P. 227.1(3), the appropriate procedure after the entry of a compulsory nonsuit is to file a written motion for post-trial relief. That is what the Riveras did in this case.

Although the Riveras could have appealed directly because the "nonsuit" ruling was improper, it was proper for them to follow the procedure allowing the trial court to correct the error. Once that motion was ruled upon, the Riveras had 30 days to file an appeal, which they did. Therefore, because the appeal was timely filed, we deny Home Depot's motion to quash.

**Rivera**, 832 A.2d at 490-491.

Like the Riveras, Mr. Young could have appealed directly from the order purporting to grant a non-suit, because it was actually a grant of summary judgment under **Lewis**, **supra**. But, because the trial court's terminology in its order erroneously dubbed the judgment an entry of non-suit, Mr. Young was likewise free to give the trial court an opportunity to correct any possible

errors through a post-trial motion. By giving the trial court that opportunity, under **Rivera**, Mr. Young tolled the appeal-filing timeframe until the trial court disposed of his post-trial motion.[2]

---

[2] **But, see also Overnite Transp. Co. v. Teamsters Local 107**, 779 A.2d 533, (Pa. Super. 2001), *reversed sub nom.*, **Overnite Transp. Co. v. Local Union No. 107**, 786 A.2d 173 (Pa. 2001) (holding that, like **Rivera v. Home Depot USA, Inc.**, 832 A.2d 487 (Pa. Super. 2003), when an appellant erroneously files post-trial motions and the trial court erroneously entertains them, this Court "will not penalize a party when its procedural errors are shared equally by those of the trial court . . . Thus, because the trial court treated the post-trial motions as proper under Pa.R.C.P. 227.1, we will accept that treatment in this instance and treat the appeal as properly filed within 30 days of the denial of post–trial motions."). Overnite Transport Co. petitioned for allowance of appeal, and the Supreme Court of Pennsylvania summarily reversed this Court's assertion of jurisdiction.

The High Court explained, that "[t]he appeal below was untimely filed, and there was no showing of fraud or a breakdown in the court's operation to permit entertaining the appeal. The Superior Court lacked jurisdiction over the appeal." **Overnite Transp. II**, 786 A.2d 173. We perceive a potential conflict between **Overnite Transp. II** and **Rivera**.

However, the procedural posture of **Rivera** aligns with the case at bar more closely than **Overnite Transp. II**, and this Court decided **Rivera** after **Overnite Transp. II**. Even if **Rivera** – which made no mention of **Overnite Transp. II** – was in error, this panel may not disregard it. **See, e.g., Czimmer v. Janssen Pharm., Inc.**, 122 A.3d 1043, 1064 n.19 (Pa. Super. 2015) (noting that "it is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court.") **Overnite Transp. II** pre-dates **Rivera** and cannot qualify as an intervening authority. Accordingly, if the **Rivera** Court committed error, this panel is incapable of correcting it.

We conclude that **Rivera** binds us. Because Mr. Young appealed within 30 days of the denial of post-trial motion, his appeal is timely.

*B.       The Jurisdiction of This Court and the Commonwealth Court*

Also, this Court issued Mr. Young a rule to show cause why we should not transfer his appeal to the Commonwealth Court of Pennsylvania. **See** Superior Court Order, 9/14/18, at 1. We asked whether appellate jurisdiction rests in the Commonwealth Court,[3] as this appeal may involve that court's "special expertise in interpretation, application, and enforcement of the Workers' Compensation Act." **Id.** at 1 (citing 42 Pa.C.S.A. § 742 and **Wilson v. Travelers Casualty and Surety Co.**, 88 A.3d 237 (Pa. Cmwlth. 2013)).

The Pennsylvania Unified Judicial System is unique from other American appellate-court systems, because the others are based, more or less, on territorial jurisdiction.[4] In Pennsylvania, appellate jurisdiction focuses on the subject matter and type of parties involved in the case. Entire classes of direct appeals are within the exclusive, subject-matter jurisdiction of either the Commonwealth Court or the Supreme Court of Pennsylvania, regardless of where in Pennsylvania a case arose. **See** 42 Pa.C.S.A. §§ 722, 723, 725, 762, 763, 764. All other direct appeals fall within the residual, subject-matter

---

[3] We discussed our scope and standard of review for jurisdictional questions in the previous section. Therefore, we need not reiterate them here.

[4] In other systems, parties appeal to the intermediate appellate court having jurisdiction over the place where the original case or administrative proceeding occurred.

- 8 -

jurisdiction of the Superior Court. **See** 42 Pa.C.S.A. § 724 (vesting appellate jurisdiction over all unspecified subject matters in this Court).

Replying to our rule to explain why Commonwealth Court should not decide this appeal, Mr. Young cites a list of cases where this Court interpreted the Workers' Comp. Act. **See** Young's Response to Rule to Show Cause, 9/20/28, at 3-5. We find those cases to be more fitting than **Wilson**, which had a lengthy litigation history. That case originated in the Bureau of Workers' Compensation with two, related petitions seeking compensation on behalf of Claimant Wilson's late father. The matter reached the Commonwealth Court, which enforced the Bureau's order directing the employer to provide benefits. But the employer refused to confer those benefits upon Ms. Wilson, so she filed a praecipe for judgment based upon the Commonwealth Court's decision.

The prothonotary complied. The employer then petitioned the court of common pleas to strike that judgment. The trial court did, and Ms. Wilson appealed to this Court. We transferred her appeal to Commonwealth Court on several grounds, and Commonwealth Court denied her request to return the matter to us.

Commonwealth Court explained that the issues on appeal concerned its previous decision and administrative law because of:

> the underlying fatal-benefits award . . . Further, the issues . . . arise out of the ongoing workers' compensation proceedings involving the same parties' rights to fatal-claim benefits and are directly related to the issues disposed of in this Court's Memorandum Decision **Ann Wilson and James Wilson, Deceased v. Traveler's Insurance Company and Allied Signal, Inc.**, 2008 WL 9406439 (Pa.

> Cmwlth. 2008). The issues also involve [Commonwealth] Court's review of the scope of [an administrative law judge's] award of fatal-claim benefits, and the interpretation of the scope of [Commonwealth] Court's July 8, 2008, Decision and Order.
>
> Finally, the underlying principles of workers' compensation law are traditionally within [Commonwealth] Court's province. The appeal presents issues requiring [Commonwealth] Court's special expertise in the interpretation, application and enforcement of . . . the Act.

*Wilson*, 88 A.3d at 245 (some citations omitted). Therefore, Commonwealth Court agreed with us; it had exclusive, subject-matter, appellate jurisdiction over Ms. Wilson's case.

In the instant appeal, unlike *Wilson*, no party claims there was litigation in the Bureau of Workers' Compensation. Thus, there is no prior adjudication from Commonwealth Court at issue. As such, the first two concerns found in *Wilson* are absent here.

This leaves *Wilson*'s final point – *i.e.*, that "the underlying principles of workers' compensation law are traditionally within [Commonwealth] Court's province." *Id.* While this is generally true because most Workers' Comp. Act appeals are petitions for review filed in the Commonwealth Court, the Superior Court does not simply transfer any case involving the Workers' Comp. Act. This is especially so where, as here, the Workers' Comp. Act is a defense in a tort action between private litigants. *See, e.g., Gardner v. MIA Products Co.*, 189 A.3d 441 (Pa. Super. 2018) (reviewing a trial court's grant of summary judgment in favor of an employer who successfully asserted its immunity from a lawsuit based on 77 P.S. § 491(a) ("borrowed employee"));

- 10 -

*and Doman v. Atlas America, Inc.*, 150 A.3d 103 (Pa. Super. 2016) (concluding that an employer was immune from suit under the statutory-employer section of the Workers' Comp. Act).

Moreover, the two issues in Mr. Young's brief do not require us to apply the Workers' Comp. Act. **See** Young's Brief at 5. Instead, they assert error under the Pennsylvania Rules of Civil Procedure, over which Commonwealth Court and this Court have coequal expertise. **See id.** We therefore conclude that none of the subject-matter jurisdictional concerns of **Wilson** are present.

Thus, there is no reason for Commonwealth Court to exercise exclusive jurisdiction over this appeal. It is therefore within our residual, subject-matter jurisdiction under 42 Pa.C.S.A. § 745.

*C.     Preservation of Appellate Issues*

We turn now to the issues in Mr. Young's brief. They are:

1.     Did the trial court err by granting a nonsuit before trial without allowing Plaintiff to present evidence?

2.     Did the trial court err by entering a nonsuit (a) without stating that its Order was the functional equivalent of an Order granting a Motion for Summary Judgment, and (b) without specifying the bases for its decision to grant summary judgment in its Opinion, thereby precluding this Court from meaningfully reviewing the trial court's decision?

Young's Brief at 5.

As mentioned above, Mr. Young did not raise either of these issues to the trial court until after a long argument on the merits of S.B. Conrad's

motion for non-suit.[5]  During that hearing, Mr. Young's counsel never cited a rule of procedure that he believed the trial court was misapplying.  Instead, he waited until the court ruled in favor of S.B. Conrad to bring up procedural matters.  *See* N.T., 8/21/17, at 20.

S.B. Conrad contends failure to interpose a timely objection is waiver. It argues that Mr. Young "has waived any objection thereto by agreeing that the matter was a question of law for the Court."  S.B. Conrad's Brief at 7.

Additionally, we note that Mr. Young did not comply with Pennsylvania Rule of Appellate Procedure 2119(e).  That rule provides that an appellant's "argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information."  Pa.R.A.P. 2119(e). Under Pa.R.A.P. 2117(c), the appellant must include in his statement of the case how and where in the record he raised waivable issues in the trial court.

Our appellate courts have long held that an appellate who does not follow Pa.R.A.P. 2117(c) and Pa.R.A.P. 2119(e) waives the related issues due to the defects in his brief.  "[W]e deny relief on the ground that the issue is waived, because Appellant has failed to demonstrate where in the record he preserved this claim and our independent review discloses no contemporaneous objection.  *See* Pa.R.A.P. 2119(e) (requiring an appellant

---

[5] Also, the trial court provided specific bases for deeming Mr. Young a statutory employee of S.B. Conrad when he fell.  *See* N.T., 8/21/17, at 17-19.

to identify where in the record he preserved an issue for appellate review).” ***Commonwealth v. Yandamuri***, 159 A.3d 503, 528 n.23 (Pa. 2017). ***See also, Victoria Gardens Condo. Ass'n v. Kennett Twp. of Chester Cty.***, 23 A.3d 1098, 1107 (Pa. Cmwlth. 2011) (holding that, when an appellant "fails to direct this Court to where this theory of recovery was raised before the trial court as required by Rules 2117(c) and 2119(e) of the Pennsylvania Rules of Appellate Procedure," the issue was waived).

Mr. Young's brief contains no references to places of preservation for either issue he raises on appeal. And our independent review of the record reveals none. We therefore agree with S.B. Conrad that Mr. Young made no timely objections, based upon the Pennsylvania Rules of Civil Procedure, in the trial court. Waiver results.

As the trial judge reminded plaintiff's counsel:

> I asked this question in the conference room, **I said**: Do I have everything in front of me that I need to make a ruling? And you specifically stated that I did.
>
> **You said**: [All the evidence that I needed was in the documents that you] provided and based on that representation I came in this morning with the understanding that all sides were on the same page. That based on the writing I was given, that I could proceed forward.
>
> [Defense counsel] said at that time, if you come in Court on Monday morning and you think you need more, I will have people from S.B. Conrad to supplement anything that I have if you feel that need to.

N.T., 8/21/17, at 20 (emphasis in original). Plaintiff's counsel offered no disagreement with the trial court's recitation of events from the previous week.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Raising an issue for the first in a post-trial motion is insufficient to satisfy the appellate rules. "[P]ost-trial relief may not be granted unless the grounds therefor, (1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial." Pa.R.Civ.P. 227.1.

Here, S.B. Conrad presented the trial court and Mr. Young with a motion for non-suit prior to the start of trial. However, under Pennsylvania Rule of Civil Procedure 230.1(c) that motion was clearly premature, because the trial court may only "enter a nonsuit . . . at the close of the plaintiff's case on liability . . . ." Thus, the motion's title put Mr. Young on notice that any attempt by S.B. Conrad to have the court dispose of it pre-trial would be procedurally incorrect.

Instead of objecting on those grounds, Mr. Young consented to the trial court ruling upon the motion. Thus, he did not bring his claims of procedural error to the court's attention until **after** he had lost the motion.

The rules of procedure are not a fallback position after one losses on the merits. If Mr. Young thought the trial court was misapplying the procedural rules, he had an obligation under those rules to bring it to the court's attention

- 14 -

***prior to*** agreeing that the court could decide the motion pre-trial, briefing the trial court on it, arguing the matter at length in open court, and waiting for the trial court to rule on the motion's merits.[6]

Accordingly, we conclude that any procedural errors that occurred below stemmed from Mr. Young's willful acquiescence to them before and during the August 21, 2017 hearing. For all of the foregoing reasons, he has waived his claims of procedural error.

Judgment affirmed.

Judge Pellegrini joins the opinion.

Judge Murray concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/19

---

[6] Finally, we note Mr. Young never claims the grant of judgment as a matter of law to S.B. Conrad was substantively erroneous. Nor does he indicate what evidence he would reply upon to defeat summary judgment or that he would adduce any additional evidence to supplement the record, were we to remand this case on procedural grounds. Thus, even had we reached the merits of Mr. Young's issues, it is unlikely we would have found harmful error.